AUGUST FITGER and Another v. ARCHIBALD GUTHRIE and Others.[1]

May 22, 1903.

Nos. 13,392—(88).

**New Trial.**

A motion for a new trial based upon alleged errors in law occurring at the trial presents purely legal questions, in the determination of which the trial court exercises no discretion.

**Rule in Hicks v. Stone Limited.**

Laws 1901, c. 46, limits the application of the rule of Hicks v. Stone, 13 Minn. 398 (434), as applied in Jenkinson v. Koester, 86 Minn. 155, and other similar cases, to cases where the trial court expressly states in its order granting the new trial, or in a memorandum attached thereto, that the same was granted on the ground that the verdict was not sustained by the evidence. So that, to apply the rule of that case, it must affirmatively appear that the trial court granted the new trial in the exercise of its discretion.

**Evidence.**

The evidence in this case reasonably tends to support the verdict; no errors of law are disclosed justifying a new trial; and, as the new trial was not granted in the exercise of the discretion of the trial court, the verdict must be sustained.

Action in the district court for Ramsey county to recover $167.54 for labor performed. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiffs for $127.29. From an order granting a motion for a new trial, plaintiffs appealed. Reversed, and remanded with directions to enter judgment upon the verdict.

[1] Reported in 94 N. W. 888.

*P. C. Schmidt*, for appellants.

*Harris Richardson*, for respondents.

BROWN, J.

Defendants were railroad contractors engaged in the construction of a railroad in the northern part of the state, in and about which they employed a large number of laborers, to whom they issued, as evidence of the amount due them for labor performed, certain time checks. These checks contained a statement to the effect that the laborers to whom they were issued and delivered had been in the employ of defendants for a specified time, and that there was due them the amount stated therein. A large number of these checks were issued by defendants in 1901, which were, by the persons to whom issued, transferred and assigned to one Byrnes, and by the latter assigned to plaintiffs. This action was brought to recover thereon. Plaintiffs had a verdict in the court below, which was set aside and a new trial granted on defendants' motion, and plaintiffs appealed.

The principal question in the case is whether there is any evidence in the record reasonably tending to show a legal transfer to plaintiffs of the causes of action evidenced by the checks. It is urged by counsel for respondents that the order granting the new trial was discretionary, and, no abuse of that prerogative appearing, the order appealed from should be affirmed. Counsel has evidently overlooked Laws 1901, p. 51 (c. 46), wherein it is provided that when a new trial is granted by the trial court it shall not be presumed, on appeal, that it was based upon the ground that the verdict was not justified by the evidence, unless expressly so stated in the order granting it, or in a memorandum attached thereto. Of course, the trial court exercises no discretion in determining a motion for a new trial based on the ground of errors in law occurring at the trial; the exercise of its discretion in granting or refusing such motions is usually limited to consideration of the evidence, alleged newly discovered evidence, and misconduct of counsel or prevailing party. When passing upon alleged errors of law, purely legal propositions, it exercises no discretion. The order

appealed from in this case cannot be sustained as a discretionary one, for the trial court does not appear to have so acted.

Under the statute just referred to, the rule of Hicks v. Stone, 13 Minn. 398 (434), can be applied only in cases where it affirmatively appears from the order or memorandum attached thereto that the new trial was granted on the ground that the evidence was insufficient to sustain the verdict. Prior to the passage of this act, in cases where the order of the trial court was silent on this subject, this court has presumed, where the motion was based on several grounds, including the ground that the verdict was not justified by the evidence, that the order was granted in the exercise of the court's discretion, and we have uniformly sustained them. Jenkinson v. Koester, 86 Minn. 155, 90 N. W. 382. But the legislature intended by the act of 1901 to change that rule, and to require the trial court expressly to state when it exercises its discretion in granting a new trial. So that under the present statute, in all cases where the motion is upon several grounds, including that of the insufficiency of the evidence, and the order of the trial court does not disclose the reasons for granting the new trial, the record, on review in this court, will be examined for the purpose only of ascertaining whether any errors of law are disclosed which justified the same. In the case at bar no errors of law are complained of or pointed out as justifying the order appealed from, except the alleged error in submitting the case to the jury, and this is based upon the contention that the evidence is insufficient, as a matter of law, to sustain a recovery by plaintiffs; and the question as to the sufficiency of the evidence, from a legal standpoint, is the only one which we are required to consider.

It is elementary that, if there be any evidence reasonably tending to support a verdict, it will be sustained on appeal to the supreme court. Hilliard, New Trials, 466; Heinlin v. Fish, 8 Minn. 48 (70). The question now before us is whether the evidence in the case at bar reasonably tends to show a transfer or assignment to Byrnes of the causes of action set out in the complaint; no question is made as to the assignment by the latter to plaintiffs. The time checks are not the causes of action, but only the evidence

thereof, and the question is whether they were assigned by the true owners. If so, their transfer operated as an assignment of the cause of action. The checks were issued and delivered to the various laborers, and by them, apparently at least, sold, indorsed, and delivered to Byrnes. There is no direct evidence that the persons from whom Byrnes received them, and who indorsed the same, were the laborers to whom they were issued. Byrnes testified that he was unacquainted with the men, with one exception; but they had possession of the checks, indorsed the same in his presence, and he paid them the value thereof.

The checks were not, it is true, negotiable, and no presumption of ownership would arise from their possession; but it is alleged in the complaint, and expressly admitted by the answer, that the persons to whom they were issued performed labor for defendants, that the amounts expressed therein were due them therefor, and that they were delivered to the persons entitled to them. It appears from the evidence that they were indorsed and sold to Byrnes soon after they were issued by defendants, and more than a year elapsed between that date and the commencement of this action; yet no suggestion is made that the true owners, if these parties were not, ever demanded of defendants payment of the checks. If the persons to whom the checks were issued lost them, or if they were stolen from them, defendants would have been notified of the fact immediately, but the record contains no intimation that they were ever lost or stolen.

From all these facts and circumstances it seems reasonably clear that the true owners of the checks were the persons who indorsed and delivered them to Byrnes; at least, the evidence is sufficient to make a case reasonably tending to support that view, and, in the absence of evidence to the contrary, or throwing some suspicion upon the transaction, sufficient to justify a recovery by plaintiff. The evidence reasonably tends to support the verdict, and the trial court had no right to vacate or set it aside, except in the exercise of its discretion, which was not exercised, and the order appealed from must be reversed.

Order reversed, and cause remanded with directions to enter judgment on the verdict for plaintiffs.