## JOHN BORGERSON v. COOK STONE COMPANY.[1]

December 11, 1903.

Nos. 13,599—(128).

**Review on Appeal.**

On the trial of an action for personal injuries, plaintiff recovered. There was a denial of a motion for judgment notwithstanding the verdict. A new trial was not asked, but judgment was entered on the verdict. *Held*, that in such a case this court will only consider the sufficiency of the evidence to support the verdict.

**Vice Principal—Negligence.**

The owner of a stone quarry employed twenty men to work upon different levels therein, and in proximity to each other, although several of

[1]Reported in 97 N. W. 734.

them were not able to observe the manner in which their fellow servants were performing their duties. A foreman was intrusted with the entire charge and supervision of the work. In the performance of the foreman's duty, he placed one quarryman in a position, and then located another at a place which made the work of the former more hazardous, without giving him warnings. *Held*, under the facts, that the foreman represented the master, and for an injury which occurred through his acts in locating the two servants, and his failure to give proper warnings, he was a vice principal, and the master was liable for his negligence in that respect.

Appeal by the defendant from a judgment of the district court for Hennepin county, Brooks, J., entered upon a verdict of $775 in favor of plaintiff. Affirmed.

*Cobb & Wheelwright,* for appellant.

*J. L. Dobbin* and *F. D. Larrabee,* for respondent.

LOVELY, J.[2]

Action for personal injuries sustained by plaintiff, while at work in a stone quarry, through the alleged negligence of defendant's foreman. He recovered a verdict. A new trial was not sought, but there was a motion for judgment notwithstanding the verdict, which was denied. Judgment was entered for plaintiff, from which defendant appeals.

As a necessary result, under concessions of counsel on both sides, the only question we are to determine is whether there was evidence reasonably tending to support the recovery. Questions arising upon the pleadings and all orders and rulings of the court during the trial, other than its denial of the motion for judgment, need not be considered on this review; hence our disposition of this appeal depends upon the conclusion we must adopt as to the relative rights of the parties disclosed by the entire evidence.

Defendant owned a stone quarry, which had been in operation for several years, wherein there were relatively five different levels, having the same number of distinct strata of rock below the surface at varied distances from each other, and with sufficient surface on each level for employees to stand while engaged at their work. The accompanying diagram indicates the relation of these levels to each other, and the posi-

[2]START, C. J., absent, sick, took no part.

tions of the respective servants involved, and will illustrate the point of view in which the legal questions are involved:

Plaintiff was a quarryman in the service of defendant, and was injured while standing upon the bottom rock, drilling a hole in the perpendicular surface of the blue rock near the point marked "B." On the level, eleven feet above at the point marked "A," about two feet from the edge, another of defendant's servants (Nelson) was breaking a piece from a detached rock of considerable size, and weighing about two hundred pounds. This process had to be accomplished by drilling a hole in the rock, and inserting a plug therein, which was driven in with such force as to cause a break and separation of the parts, which was the usual and proper course adopted for that purpose. There was evidence to show that the rock which was broken was much nearer the outer surface of the level on which Nelson stood than others had been previously placed while such work was being done. Nelson proceeded with his work in this respect until the rock was broken, when a piece thereof flew over the side of the level on which he stood, and fell upon plaintiff, causing the injuries for which he recovered a substantial verdict.

At the time of the accident there was the usual complement of men engaged at the quarry—being twenty in number—who were placed upon the different levels by the foreman in charge of the work there conducted. Full authority had been delegated to him by the proprietor to direct and regulate the details of the business, and to supervise the

same, which seems to have been essential and necessary to the successful and proper conduct and direction of the work. The plaintiff had first been put to work at the place where he was engaged in drilling by the foreman, who afterwards, without giving plaintiff any notification of the fact, put Nelson on the level above, and directed him to break the rock, as previously stated. It appears that plaintiff did not know that Nelson was placed above him, or of his position near the edge of the level on which he stood, nor was he warned of any danger from the liability of pieces of rock that were broken to fall upon him.

Two propositions are insisted upon with much ability by the counsel for defendant, viz.: First, that plaintiff assumed the risk of the negligence of other servants, from the cause which occasioned his injury; second, that if the foreman, Nordeen, was negligent in placing Nelson on the level above plaintiff, and in ordering the work in which he was engaged, he was a fellow servant of the plaintiff, and that for such negligence the employer would not be liable.

While the plaintiff must be held to have assumed all the ordinary risks of his employment, the evidence did not require the conclusion that he knew of the close proximity of the rock to the outer edge of the level where Nelson was at work; nor does it conclusively appear that plaintiff knew or should have known the risks of pieces of rock falling upon employees from the levels above. Under these circumstances we cannot say, as a matter of law, that he must reasonably have anticipated such consequences, or have been required to adopt the view that he must protect himself therefrom. We therefore hold that this was a question for the jury, and that the verdict determines this issue in favor of plaintiff.

· The evidence was also sufficient to justify the view that the position of Nelson, at work on the level above the plaintiff, attributable to the orders and direction of the foreman, was so near the edge of the blue-rock level that there was a liability of broken pieces falling, occasioned by obedience to these directions, and that it might have required the foreman, in the exercise of proper care, either to warn the plaintiff of the danger thus created, which was not done, or to change his location to a safer place.

But it is urged that the foreman was the fellow servant of plaintiff, and that for his negligence in the respects stated the master was not re-

sponsible. The obligation of defendant to answer for his foreman's negligence depends upon whether the latter was the representative of the employer in the performance of what has been termed, in legal phrase, the personal or absolute duties of the master. Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020; Vogt v. Honstain, 81 Minn. 174, 83 N. W. 533. The law as now recognized and applied in this state on this subject has been stated as follows by Justice BROWN in Perras v. Booth & Co., 82 Minn. 191, 196, 84 N. W. 739, 85 N. W. 179: "An employee or servant who is clothed with special powers and authority with respect to the management of the master's business and the control of his other servants in the matter of the performance of their work, and to whom is delegated the performance of the master's absolute duty to other servants with reference to the obligation to provide them with safe instrumentalities and a safe place to work, is, as to such other servants or employees, a vice principal, when engaged in the performance of the special powers and authority conferred upon him."

We have no doubt either that the duty to give proper warnings of dangers known to the master, and not known to the servant, or to provide proper regulations, would also be within the personal duties of the master; hence the servant commissioned with that authority would, in such respect, be a vice principal. Vogt v. Honstain, supra; Peterson v. American Grass Twine Co., 90 Minn. 343, 96 N. W. 913. But as to those who are engaged with others in a common employment, or in the details of the work, the performance of such duties, though different in kind, requires them to be regarded as fellow servants. Gittens v. Wm. Porten Co., 90 Minn. 512, 97 N. W. 378. Often the question becomes one of fact whether the service performed by the alleged representative of the master is that of vice principal or that of fellow servant, and in such cases is to be determined, under proper instructions, by the jury. Comers v. Washburn-Crosby Co., infra, page 105.

But in this case the fact is not in dispute. In the quarry where plaintiff was at work a large number of men were employed at the same time. They were placed and required to work upon different levels, where those upon one level could not, in many instances, know where the others had been placed, or what they were doing.

Their location and duties could be directed and changed at any time by the foreman who had defendant's authority to do this; also to designate the work done by each, and exact strict obedience to his orders. The mutual relations of other servants than the foreman involved risks and hazards that, in connection with the work to be done, required general supervision by one person, and this person was the foreman who had been selected by defendant. His authority was general, and involved risks which were not assumed by plaintiff, and for his negligence the defendant was responsible to the same extent as if defendant were present and directing the work himself.

Judgment affirmed.