HOWARD W. SMITH v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 8, 1904.

Nos. 13,689—(114).

**New Trial—Lack of Evidence.**
    Fitger v. Guthrie, 89 Minn. 330, to the effect that this court will not, in the absence of some expression of the trial court to that effect, presume that an order granting a new trial was based upon the ground that the verdict was not sustained by the evidence, followed.

[1] Reported in 97 N. W. 881.

**Hypothetical Question.**

> Hypothetical questions to expert witnesses should embody substantially all the facts relating to the subject upon which the opinion of the witness is asked. A new trial *held* properly granted in this case for an error in, overruling an objection to a hypothetical question not conforming to this rule.

Appeal by plaintiff from an order of the district court for Hennepin county, Harrison, J., granting a motion for a new trial. Affirmed.

*F. N. Hendrix* and *J. Van Valkenburg,* for appellant.
*Koon, Whelan & Bennett,* for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the carelessness and negligence of defendant. Plaintiff had a verdict in the court below, and appealed from an order granting a new trial.

The court below granted a new trial without assigning any reasons therefor, and, as the motion upon which the order was based asked for a new trial upon grounds other than that the verdict was not sustained by the evidence, we are limited in the consideration of the case to the question whether any errors of law occurred on the trial which justify the order. Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888. It was the intention of the legislature in the passage of the statute construed in that case to require the trial court expressly to state in its order granting a new trial whether it was based upon the fact that the verdict was not justified by the evidence. In the absence of some expression of that kind in the order, this court cannot presume that it was so made.

Plaintiff was injured by one of defendant's cars as he was attempting to cross with his horse and carriage Hennepin avenue, in the city of Minneapolis. It was contended by him on the trial that the injuries received by him were of a very serious nature and permanent in character, and to prove his case in this respect he called as a witness Dr. Simpson, to whom, after numerous preliminary questions, the following question was put:

> "Q. I may not understand, doctor. If there had been nothing the matter with his right ear, and Mr. Smith, before this

accident which occurred on the twenty-sixth day of August, if there had previously to this time been nothing the matter with his ear, and he had had no difficulty with his hearing, and the accident occurred as it has been stated here (I don't know as you have heard it), by his being thrown out of a carriage, and directly afterwards picked up, and unconscious for twenty-four hours, remaining in the hospital for eight or ten days, and the ear being in the condition it was when he came to you on the second of October, in your opinion would the trouble or injured ear be the result of the accident? Mr. Bennett: I object to that as incompetent, irrelevant, and immaterial, and no proper foundation laid. (Objection overruled. Exception.)   A. If you will allow me to add one thing to that question?   Q. Yes, I will be glad to have you.   A. And that would be to say that between the time of the accident that he had and the time that I saw him that he had no other accident or no other sickness, excepting what was due to that accident?   Q. Yes.   A. I would say positively that that deafness in that right ear was due to that accident."

It is urged by defendant that the court erred in overruling the objection to this question, and that the error was one for which a new trial could properly have been granted, and sufficient to sustain this order. We are of opinion that defendant's contention in this respect is sound. It appears that the witness to whom this hypothetical question was put was not present in court during the trial. He did not hear the evidence as to the nature of the injuries received by plaintiff, or just how the accident happened—whether, when plaintiff was thrown from the carriage, his head struck the pavement, or any other fact tending to disclose the particulars in respect to the manner he received the injuries he claimed resulted in his deafness. The question itself does not disclose how the accident happened, and was clearly insufficient to warrant the opinion of the witness to the effect that plaintiff's deafness was the result of the accident. The rule is thoroughly settled that hypothetical questions to expert witnesses must state fully and accurately the facts in evidence, and, if they do not, they are insufficient, and, if objected to, should be excluded.

91 M.—16

Judge MITCHELL, in Briggs v. Minneapolis St. Ry. Co., 52 Minn. 36, 53 N. W. 1019, very aptly said: "Courts have gone far enough in subjecting life, liberty, and property to the mere speculative opinions of men claiming to be experts, and we are not disposed to extend the rule into the field of mere hypothetical conjecture, which, in a case like the present, must necessarily have been so uncertain and unreliable as to be purely conjectural, and utterly unsafe for either court or jury to adopt." The rule is stated in 8 Enc. Pl. & Pr. 756, that hypothetical questions should embody substantially all the facts relating to the subject upon which the opinion of the witness is asked, since the opinion of the witness is worthless, and may be misleading, if given on a state of facts that does not exist. A discrepancy between the facts proved or admitted and the facts upon which the opinion is given may be very material. For the reason that it does not appear that the witness was familiar with the facts or evidence disclosing the manner in which the injury was received, the objection to the question should have been sustained. The objection was properly made at the trial.

There are other alleged errors in the rulings of the court on the subject of the admission of evidence which are claimed to be sufficient to sustain the order appealed from, but we deem it unnecessary to consider them, for the error above referred to was sufficient to authorize the court to grant a new trial.

Affirmed.