WILLIAM OWENS v. MARION W. SAVAGE.[1]

December 16, 1904.

Nos. 14,160—(109).

**New Trial.**

> Where after verdict the trial court makes an order setting the verdict aside and granting a new trial, based upon a motion the grounds of which are alleged errors in law occurring at the trial, and that the verdict is not sustained by the evidence, and assigns no reasons for granting the motion, either in the order or in a memorandum attached thereto, if there be no errors of law justifying a new trial, and there be any evidence reasonably tending to support the verdict, the order will be reversed and the verdict reinstated. Fitger v. Guthrie, 89 Minn. 330, followed.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $2,586. Reversed and judgment ordered for plaintiff.

*C. D. & Thos. D. O'Brien,* for appellant.
*Robert Christensen,* for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below, and appealed from an order granting defendant's motion for a new trial.

Plaintiff was injured while at work for defendant, hauling earth and leveling a race track being constructed by defendant on a farm owned by him in Scott county. One Griffin was defendant's foreman in charge of the work, and gave directions to plaintiff and other employees when and where to perform their duties. It became necessary in the course of the work to remove certain trees in the path of the race track, and certain employees were directed by the foreman to undermine one of these for the purpose of removing it with its roots. As plaintiff was passing the point where the tree stood, it fell upon him, seriously injuring his person.

[1] Reported in 101 N. W. 790.

The theory of the action on plaintiff's part was that defendant was guilty of negligence in failing to provide him a reasonably safe place in which to work; that the foreman in charge was a vice principal, for whose acts defendant was liable; that plaintiff was directed by the foreman on the occasion in question to haul a load of earth to a point on the race track near the tree, and he was required to pass the tree after unloading his wagon; that the tree was being undermined by the other employees under direction of the foreman, who knew or ought to have known the dangers incident to passing it or permitting other employees to work in its vicinity; that he failed and neglected to inform plaintiff of the facts, and plaintiff did not know the dangers incident to passing the tree so being removed. While it was contended by defendant that the risks and dangers of performing plaintiff's work, and the liability of the tree to fall upon him, were obvious and apparent, and, if he did not know, he could have learned the facts by the exercise of reasonable care, in consequence of which he was not entitled to recover.

At the conclusion of the trial, defendant moved the court to direct a verdict in favor of defendant on the ground that the evidence failed to establish actionable negligence against defendant. The motion was denied, and the cause submitted to the jury under clear and fair instructions. After verdict for plaintiff, defendant moved in the alternative for judgment notwithstanding the same, or for a new trial, on the grounds, (1) that the damages given by the jury were excessive; (2) that the verdict was not justified by the evidence and was contrary to law; and (3) of errors of law occurring at the trial and excepted to by defendant. The learned trial court denied the motion for judgment, but granted the motion for a new trial, but without assigning grounds or reasons therefor.

As it does not affirmatively appear from the order of the trial court upon what ground the new trial was granted, we cannot assume that it was granted on the ground that the verdict was not sustained by the evidence. Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888; Smith v. Minneapolis St. Ry. Co., 91 Minn. 239, 97 N. W. 881; Berg v. Olson, 88 Minn. 392, 93 N. W. 309. The only question presented on this appeal is, therefore, whether any errors of law occurred on the trial which would justify a new trial. The only error complained of

by defendant is the refusal of the court to direct a verdict for the defendant, and this is based upon the claim that the evidence is insufficient, as a matter of law, to justify a verdict for plaintiff. Several rulings of the trial court were assigned as errors in the court below on the motion for a new trial, but none of them are urged in this court. So the question as to the sufficiency of the evidence is the only one requiring mention.

As remarked in Fitger v. Guthrie, supra, it is elementary that, if there be any evidence reasonably tending to support a verdict, it must be sustained, subject to the power of the trial court to set it aside in the exercise of its discretion on the ground that it is not sustained by the evidence. And if in the case at bar there is in the record any evidence reasonably tending to sustain the charge of negligence against defendant, the order of the trial court must be reversed and the verdict of the jury reinstated. It does not appear that the trial court set it aside in the exercise of its discretion. We have examined the record with care, and reach the conclusion that there is evidence reasonably tending to support the verdict. The evidence tends to show that defendant was engaged in the construction of a race track; that he had a number of employees, including plaintiff, engaged in that work, under the direction and superintendency of a foreman who had full charge of the work and the employees. It also tends to show that plaintiff was directed by the foreman when and where to perform his work on the occasion in question, and that he was unaware of the dangers to be apprehended from the work of the other employees in their efforts to remove the tree which fell upon and injured him. While the evidence is not strong, it tends to support the verdict of the jury, and is sufficient, within the rules of law applicable to cases presented as this one is, to sustain it.

The facts bring the case within the decision in Borgerson v. Cook Stone Co., 91 Minn. 91, 97 N. W. 734, and Perras v. A. Booth & Co., 82 Minn. 191, 84 N. W. 739, 85 N. W. 179. It was the duty of defendant to provide plaintiff with a reasonably safe place in which to perform his labors, and to warn him of dangers and risks unknown to him; and, as in the case of Perras v. A. Booth & Co., supra, the jury was justified in finding that the foreman in charge of the work was a vice principal, whose duties required him to provide plaintiff

with a reasonably safe place to work, and that he neglected that duty by directing other employees to do certain acts which rendered the place unsafe.

Order reversed, with directions to the court below to render judgment for plaintiff on the verdict.