## NELS SATHER v. A. G. SEXTON.[1]

December 16, 1904.

Nos. 14,190—(128).

**Replevin—Evidence.**

> In an action in replevin to recover possession of the certificates of deposit claimed to have been indorsed and delivered to appellant during the lifetime of respondent's intestate, *held*, that the evidence was not conclusive that the transfer by the deceased was without consideration and void.

Action in replevin in the district court for Douglas county to recover possession of two certificates of deposit aggregating $450 issued to Edward Abrahamson, since deceased, and indorsed by him to the order of plaintiff. By leave of court John C. Nelson, as administrator of the estate of deceased, intervened, claiming ownership of the certificates. No answer was made by defendant. The issues between plaintiff and intervenor were tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff. From an order granting a motion in favor of intervenor notwithstanding the verdict, plaintiff appealed. Reversed, with leave to apply for a new trial.

*Constant Larson,* for appellant.

*J. F. George* and *H. Jenkins,* for respondent.

LEWIS, J.

Action in replevin to recover possession of two certificates of deposit, one for $300, dated January 18, 1901, payable one year from date, and the other for $150, dated October 18, 1901, payable one year from date, issued by the Douglas County Bank, and payable to the order of Edward Abrahamson. The complaint alleges that the certificates were indorsed by the payee to the plaintiff, and thereafter came into possession of defendant Sexton on or about February 10, 1902. It does not appear for what reason Sexton was holding the certificates, but, so far as this record shows, he claimed no interest thereto and made no defense. Pending the action, Abrahamson having died, his administrator intervened,

[1] Reported in 101 N. W. 654.

and claimed that the payee had never parted with the title to the certificates, and alleges that if Abrahamson had indorsed the certificates he was of unsound mind, and that he never received any consideration therefor. The cause was tried before a jury, and resulted in a verdict for plaintiff, and thereafter, upon motion of the intervenor, judgment was ordered for defendant notwithstanding the verdict, from which order plaintiff appealed.

The assignment of errors presents the single question whether or not the evidence conclusively shows that Abrahamson was the owner of the certificates at the time of his death. Plaintiff testified that for about fifteen years prior to Abrahamson's death they had been neighbors, and plaintiff had been in the habit of occasionally transacting business for him; that shortly before his death Abrahamson came to plaintiff's house and showed him the certificates, and plaintiff wrote on the back of each certificate the words, "Pay to Nels Sather." It appears that Abrahamson signed his name to the indorsements. Plaintiff owed Abrahamson about $100 at the time of his death, which he had collected for him, and he filed a claim against the estate for $198, claiming the same was due him for services. The certificates, with the proper indorsements, having been introduced in evidence by the plaintiff, a prima facie case of ownership was made out, and unless it was conclusively shown that there was no consideration, or that Abrahamson was not in his right mind, there was evidence which reasonably tended to support the verdict. We have searched the record in vain for any evidence to sustain either of the defenses pleaded, and the evidence offered on the part of plaintiff is not so inherently weak and inconsistent as to justify the court in ignoring it. The fact that plaintiff filed a claim for $198 against the estate is not so conclusive as to show no consideration. Past service or friendship would constitute a good consideration.

Under the circumstances, however, we think defendant should be permitted to apply to the trial court for a new trial, and therefore the order appealed from is reversed, with directions to enter judgment for plaintiff in accordance with the verdict, with leave to defendant to apply for a new trial.