JOHN HOATSON v. MITCHELL W. McDONALD.[1]

January 26, 1906.

Nos. 14,561—(187).

**Action on Joint Obligation.**

Under Laws 1897, p. 563, c. 303, an independent action will lie against one of the parties to a joint obligation.

**Amendment of Answer.**

If one of the parties to a joint lease, when sued independently, pleads a general denial and makes no objection either by answer or at the trial, he is not, after a decision in the case, entitled to amend his answer and set up the fact that such contract was joint; and an order of the court allowing such amendment is an abuse of discretion.

**Motion for New Trial.**

Upon a motion for a new trial on the ground that the decision was not justified by the evidence and for errors of law occurring at the trial, it is error to grant the motion when neither the order nor the memorandum of the court indicates that it was granted upon the ground that the evidence was insufficient to support the decision, no errors of law occurring at the trial, and the evidence reasonably tends to support the verdict.

Appeal by plaintiff from an order of the municipal court of Minneapolis, Charles L. Smith, J., granting a motion for a new trial, and from a further order permitting defendant to file an amended answer, after a trial and findings in favor of plaintiff for $160. Reversed and judgment ordered for plaintiff.

*Crassweller & Crassweller,* for appellant.

*Ripley & Lum,* for respondent.

LEWIS, J.

Action for rent, based upon a lease executed May 1, 1903, for certain office room in the city of Duluth for the period of one year. The complaint alleges that at the expiration of the year respondent held over and occupied the rooms from month to month upon the same terms, and the action was brought to recover rent from July to December, in-

[1]Reported in 106 N. W. 311.

clusive, 1904. The answer was a general denial. During the trial it appeared that the lease was executed in the name of the Lumbermen's Mining Company, and appellant's counsel asked leave to amend the complaint by alleging that respondent executed the lease under the name of such company. Motion was denied, and it was disclosed at the trial that the real lessees were respondent and C. A. Smith; that they attempted to form a corporation, but, not having succeeded, occupied the rooms as partners. The court found for appellant in the sum of $160, whereupon respondent moved the court to amend the findings and find specifically that the contract sued upon was the joint contract of respondent and C. A. Smith as partners in business, and also that appellant resumed possession of the premises August 1, 1904, and for a new trial upon the ground that the decision was not justified by the evidence, was contrary to law, and because of errors of law excepted to.

The court granted a new trial, and on the same day granted respondent's motion to file an amended answer. Attached to the order granting a new trial was a memorandum in which the court stated that the action was tried by respondent upon the theory that the lease was to respondent alone, but that sufficient evidence was received, without objection, which convinced the court that the amended answer should be allowed and that the issue should be tried as presented by such amended answer; that the evidence, not having been put in under the amended answer, was not distinct as to the number of rooms originally contained in the lease, and as to whether they were rented at a certain price per room, or for a lump sum, and that such matter would be a material issue, and for that reason a new trial should be granted.

Appellant submits: (1) That it not having been stated by the court, either in its order or memorandum, that the order granting a new trial was made upon the ground that the decision was not justified by the evidence, and there being evidence to sustain the findings, and no errors having occurred upon the trial, the case should be reversed, and judgment entered in accordance with the findings. (2) That under the circumstances, even if the court had authority to act in the premises, allowing the amended answer was an abuse of discretion.

Under the provisions of chapter 303, p. 563, Laws 1897, respond-

ent, although jointly liable with another party upon the lease, could be sued in an independent action; and, if he conceived it to be for his interests to have the other party brought in and made a party to the action, it was incumbent upon him to do so during the progress of the trial. Having made no objection at the trial to proceeding against him alone, the court was not justified in allowing the amendment after the cause was submitted and decided. The record fails to disclose any errors of law during the trial. The order granting a new trial is silent as to the ground upon which it is granted, and the memorandum does not specify that it is allowed upon the ground that the evidence is insufficient to support the decision. There is no legal ground, therefore, to sustain the order, and the decision should stand. Halvorsen v. Moon & Kerr Lumber Co., 87 Minn. 18, 91 N. W. 28, 94 Am. St. Rep. 669; Berg v. Olson, 88 Minn. 392, 93 N. W. 309; Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888; Owens v. Savage, 93 Minn. 468, 101 N. W. 790; Merrill v. Pike, 94 Minn. 186, 102 N. W. 393; Kolander v. Dunn, 95 Minn. 422, 104 N. W. 371.

The assertion in the memorandum, that the evidence in the case, not having been put in under the amended issues, is not distinct as to the leasing, cannot be received as an indication that the trial court held that the evidence was insufficient to support the decision. Assuming the amendment had been made during the trial, the evidence fully supports the decision. The lease provided for a re-entry by the landlord without working a forfeiture, and whether the rooms were surrendered August 1, was a question of fact.

Our conclusion is that respondent submitted his case to trial upon the pleadings, that the evidence supports the decision; that the new trial was not granted upon any errors of law, nor upon the ground that the evidence was not sufficient to support the decision; and that under the circumstances granting a new trial, with leave to amend the answer, was an abuse of discretion.

The order appealed from is reversed, with directions to enter judgment for appellant.