## NELS SATHER v. A. G. SEXTON.[2]

### July 12, 1907.

### Nos. 15,224—(179).

Action in the district court for Douglas county to recover possession of two certificates of deposit amounting to $450 issued to Edward Abrahamson, since deceased, and indorsed by him to the order of plaintiff. By leave of court John C. Nelson, as administrator of the estate of deceased, intervened and claimed ownership of the certificates. No answer was made by defendant. After the decision on the former appeal to this court, as stated in the opinion, the intervenor renewed his motion to set aside the verdict and grant a new trial. From an order, Baxter, J., granting the motion for a new trial, plaintiff appealed. Reversed.

*Constant Larson*, for appellant.

*J. F. George* and *H. Jenkins*, for respondent.

PER CURIAM.

The jury in this case returned a verdict for plaintiff. From an order granting a motion in favor of intervenor notwithstanding the verdict, plaintiff appeals. In 93 Minn. 480 [101 N. W. 654] this court reversed the trial court and

[1] Reported in 112 N. W. ——.        [2] Reported in 112 N. W. ——.

granted the defendant leave to apply to the trial court for a new trial. That motion was granted. This appeal was taken from the order of the court setting aside the verdict of the jury and granting a new trial.

The order granting a new trial in the present case was silent as to the grounds upon which it was made. In consequence the assignment of error that the verdict was not justified by the evidence cannot be here considered. R. L. 1905, § 4198, subd. 7; Fitger v. Guthrie, 89 Minn. 330; Owens v. Savage, 93 Minn. 468; Merrill v. Pike, 94 Minn. 186; Kolander v. Dunn, 95 Minn. 422; Hoatson v. McDonald, 97 Minn. 201.

The only question, then, presented by the assignments of error, concerns errors of law addressed principally to rulings on evidence. The principal error so assigned consisted in the refusal of the trial court to strike out part of plaintiff's testimony to the effect that defendant owed him some money. The immediate objection was not that the questions called for a conclusion, but that the testimony was "incompetent and irrelevant." An examination of the record with respect thereto shows affirmative testimony that plaintiff's claims were based upon the facts that for four months he had supplied the deceased with board; that during this time deceased was sick part of the time so that plaintiff had to go over and take care of his horses; that the deceased rented a house from plaintiff at one time; and that he had never paid plaintiff. The certificates were turned over in payment of these claims. Apart from the insufficiency of the objections to the questions asked, we are satisfied that the trial court committed no reversible error in its rulings on testimony objected to. Nor is there other error. The order is accordingly reversed.