LAW REPORTING COMPANY v. H. POEHLER & COMPANY.[1]

December 11, 1908.

Nos. 15,871—(88).

**Contract Construed.**

A contract for furnishing a transcript of testimony taken in a grain investigation construed, and *held*, that it does not include testimony thereafter to be taken.

Action in the district court for St. Louis county to recover $649.20 alleged to be due for the preparation, at defendant's request, of a typewritten copy of a large amount of testimony taken before the Interstate Commerce Commission in a certain grain investigation. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of plaintiff for the amount demanded. From an order setting aside the verdict and granting a new trial, plaintiff ap-

[1] Reported in 118 N. W. 664.

pealed. Affirmed unless plaintiff consent to a reduction of its verdict to $426.80.

*William E. Culkin* and *Warner E. Whipple,* for appellant.

*Reynolds & McClearn,* for respondent.

START, C. J.

This action was brought in the district court of the county of St. Louis to recover ten cents per folio for a copy of testimony taken in a grain investigation furnished by the plaintiff to the defendant at its request. Verdict for the plaintiff in the sum of $649.20. Thereupon the defendant made a motion for a new trial on the ground that the verdict was not justified by the evidence, and on the further ground of errors of law occurring at the trial. The trial court made its order granting the motion, but did not state any reason therefor.

The complaint alleged that the plaintiff at defendant's request prepared and delivered to it a copy of testimony taken by the Interstate Commerce Commission in a certain grain investigation, amounting in all to six thousand four hundred ninety two folios, at the agreed price of ten cents per folio, and, further, that the same was reasonably worth and of the value of $649.20. The answer denied these allegations of the complaint, and alleged that in response to a letter from the plaintiff one of the officers of the defendant inadvertently and by mistake signed and mailed to plaintiff an order attached to such letter, and thereafter the plaintiff shipped to the defendant "a mass of closely and poorly written typewritten paper," which was so indistinct that it was practically impossible to tell what it was, and that the defendant refused to accept the same and returned it to the plaintiff. The reply put in issue the new matter alleged in the answer.

The trial court instructed the jury to the effect that the parties entered into a contract whereby the defendant agreed to take the whole of the testimony, six thousand four hundred ninety two folios, and to pay the plaintiff therefor ten cents per folio, and further instructed them as follows: "If the typewritten testimony sent by the plaintiff to the defendant was the transcribed testimony taken at the grain investigation referred to in the correspondence, the defendant is bound to pay therefor at ten cents per folio, unless there were defects and imperfections therein which justified it in rejecting it, and it

did reject it within a reasonable time. If it was not a transcript of the testimony taken at the grain investigation, the plaintiff cannot recover." The giving of these instructions was assigned as error on the motion for a new trial.

It is to be noted that the only issue submitted to the jury was whether the transcript of the testimony was so defective as to justify the defendant in rejecting it, and that it did so within a reasonable time. The defendant urges that the order granting a new trial was right, because the evidence was positive and undisputed that the transcript was defective and illegible and was returned within a reasonable time. If such were the case, it would be a defense to plaintiff's entire claim. The evidence, however, as to this defect, was not so conclusive as to justify the court in granting a new trial, as a matter of strict legal right, for the reason that the verdict was not supported by the evidence. The defendant's treasurer testified to the effect that the transcript was not legible and that it was returned, yet the fact remains that in the letter advising the plaintiff of the return of the transcript no such claim was made, nor at any time until suit was threatened. Again, whether the transcript was returned in a reasonable time was also a question for the jury. It may be conceded, for the purpose of this appeal only, that the evidence as to the issue submitted to the jury was such that if the trial court had exercised its discretion, and granted the new trial because the verdict was not sustained by the evidence, its order would be upheld as a discretionary one; but, the trial court having omitted to state that the new trial was granted for that reason, we cannot treat it as a discretionary order, as the defendant seems to claim, for in such a case the order granting the new trial can only be sustained on the ground that reversible errors of law were committed. If there had been no evidence to sustain the verdict, the submission of the case to the jury would have been an error of law. Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888.

The further contention of the defendant is that a new trial was rightly granted for the reason that the instructions to the jury, to which we have referred, were reversible error. We sustain this contention, for the reason that the contract between the parties did not obligate the defendant to receive and pay for all of the testimony which might be taken in the grain investigation, but only what had been

taken at the date of the plaintiff's offer. The contract was by correspondence. On November 17, 1906, the plaintiff wrote to the defendant as follows:

"We have completely transcribed and are prepared to furnish at once the testimony taken recently in the grain investigation by the Interstate Commerce Commission at Chicago, Kansas City, Omaha, and Des Moines, at the rate of 10c. per folio. This testimony is of the utmost importance to grain, elevator, and railroad companies. The hearings will be resumed at Milwaukee on the 20th, Minneapolis the 21st, and Duluth the 23d, inst. May we enter your order.

"Awaiting your commands, we are * * *"

On December 3, 1906, the defendant replied in these words: "Please send me one copy of the testimony taken in the Interstate Commerce Commission Grain Investigation, at 10c. per folio. * * *" This order was originally a part of plaintiff's letter, which the defendant detached, signed, and mailed after filling the blank. On December 6th the plaintiff wrote the defendant as follows:

"Please accept our thanks for your order of December 3rd, for one copy of the Interstate Commerce Commission Grain Investigation testimony at ten cents per folio. We are forwarding at once the testimony taken at Chicago, Kansas City, Omaha, Des Moines; and the testimony taken at Milwaukee, Minneapolis and Duluth will follow within a few days. * * *"

The plaintiff urges that its first letter was not an offer to furnish any of the testimony at ten cents per folio which would become a contract upon the defendant's acceptance, but was simply a circular letter soliciting business and announcing its willingness to enter into negotiations with the defendant to furnish it with the testimony; hence there was no contract between the parties until the plaintiff accepted the defendant's order on December 6. Several decisions of other courts are cited in support of this construction; but the language of letter here in question differs, in important particulars, from those construed, in the cases cited, to be business circulars inviting negotiations. The plaintiff in its letter stated that it had transcribed and was prepared to furnish at once the testimony taken in the investigation at Chicago, Kansas City, Omaha, and Des Moines, at the rate of ten cents per folio, and added: "May we enter your order. Awaiting

your commands, we are * * * "—that is, awaiting the defendant's acceptance of its offer. The trial court was correct in holding that the contract was completed on December 3, when the defendant by its order accepted the plaintiff's offer.

The next question is whether the contract on its face obligated the defendant to receive and pay simply for a transcript of the testimony which had been taken at the date of plaintiff's offer, four thousand two hundred sixty eight folios, amounting to $426.80, or for a transcript of all the evidence which then had been or might thereafter be taken in the grain investigation, six thousand four hundred ninety-two folios, amounting to $649.20. The meaning of the language of plaintiff's offer and the defendant's acceptance—that is, the contract—is not entirely clear; but we are of the opinion that the most obvious construction of the contract, giving effect to the language used, is that the subject-matter of the contract was a transcript of the testimony which had then been taken, and we so construe it. The plaintiff contends that, even if the language used by the parties in the contract might be so construed, yet the practical construction put upon the contract by the parties is controlling, and that they construed it as a contract for a transcript of all testimony taken and to be hereafter taken in the grain investigation. The inference to be drawn from the acts of the parties was one of fact for the consideration of the jury. The trial court, therefore, erred in giving the instructions to which we have referred.

It follows that the order granting a new trial must be affirmed, but without prejudice to the plaintiff, if so advised, to apply to the district court to modify, in its discretion, its order, so that a new trial be granted unless the plaintiff within a limited time consents to a reduction of its verdict to $426.80. So ordered.