# JOHN S. BRADSTREET COMPANY v. FOUR TRACTION AUTO COMPANY.[1]

July 12, 1912.

Nos. 17,575—(177).

**Election between causes of action.**

Allegations suggestive of a breach of warranty of personal property sold, but which, standing alone, were insufficient to state a cause of action therefor, *held* not to require the plaintiff to elect whether to rely upon a breach of warranty or upon a mutual rescission and promise to repay the purchase price paid; a cause of action predicated upon the latter being sufficiently alleged.

**Sale — admission of evidence.**

Where there is a conflict in the testimony of witnesses relevant to the issue, evidence of collateral facts, which has a direct corroborating tendency, is admissible, but must be received with caution. Applying this rule, evidence tending to show a breach of warranty of an automobile, and in general disparagement thereof, *held* inadmissible upon an issue as to whether the defendant had agreed to take back the machine and to repay to the plaintiff the amount paid by the latter on the purchase price; it not appearing that the defendant had knowledge of the claimed defects at the time of the alleged rescission and agreement to repay.

**New trial.**

Admission of such evidence was prejudicial error, and a new trial was properly granted on account thereof.

Action in the district court for Hennepin county to recover $500 upon agreement to rescind a contract for the purchase of a motor truck. The case was tried before Pfau, J., who, at the close of the testimony, denied separate motions to direct verdicts in favor of plaintiff and respondent, and a jury which returned a verdict in favor of plaintiff for $500. From an order vacating and setting

1 Reported in 137 N. W. 180.

aside the verdict and granting defendant a new trial, plaintiff appealed. Affirmed.

*Miles Porter,* for appellant.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for respondent.

PHILIP E. BROWN, J.

The complaint in this action, after setting out the corporate character of both of the parties, states in substance the following alleged facts:

On April 3, 1909, the parties entered into the following written contract:

"Mpls., Minn., April 3, 1909.

"John S. Bradstreet & Co.,

"City,

"Gentlemen:

"We hereby propose to furnish you one four-wheel drive Kato truck, model 'C,' for the sum of $2,000.

"This truck will be equipped with a body as per specifications agreed upon, same to have a removable canopy top, and painted in the best possible manner, following your instructions as to coloring, lettering, etc.

"We will guarantee this truck and the parts thereof for the period of one year from the date of delivery. We will replace or make new, free of charge, any part broken by natural causes during the above year. In case the car is out of commission from any cause, we will supply you with a truck to do your delivering while the car is in our shops for repairs, at a reasonable charge.

"In the event of any new improvements being adopted by us for new cars during the above period, we will install these upon your car free of charge.

"Yours very truly,

"FOUR TRACTION AUTO Co.,

"E. B. Parker, Agent."

Acting and relying on this contract and warranty, the plaintiff paid to the defendant on April 14, 1909, $500 as a part of the purchase price of said automobile truck. "That on or about the 15th

day of April, 1909, said automobile truck was duly delivered to this plaintiff at Minneapolis, Minnesota. That thereupon said plaintiff attempted to put said truck to use in its said business, and plaintiff made all reasonable attempts to use the same in making its said deliveries in said city of Minneapolis, but that said truck at all times failed to work properly, its parts were improperly joined and of faulty construction throughout, many of said parts became loose and broken through ordinary use and wear, and said plaintiff, from the date of its delivery as aforesaid, until on or about the 11th day of May, 1909, was put to great expense and trouble and annoyance in keeping said truck in running order, and during a large portion of said time was wholly unable to use said truck in its business on account of said faulty construction and poor workmanship, and that said truck was constructed of poor materials and not as warranted. That plaintiff immediately notified this defendant that said truck was not as warranted, and duly demanded the return of said $500. advanced by it on the purchase price of said truck. That during all of said time when said truck was out of commission said defendant wholly failed to furnish another truck in its place in accordance with its agreement, Exhibit A. That thereafter, and on or about the 2d day of July, 1909, said contract and agreement was rescinded by the mutual consent of the parties thereto, on consideration that said defendant fully reimburse said plaintiff for the said $500 so advanced by it on the purchase price of said truck, and that thereupon, and on consideration of said agreement to so reimburse this plaintiff, said plaintiff on or about the 2d day of July, 1909, duly returned to this defendant at its factory in Mankato, Minnesota, said automobile truck. That the same was thereupon duly accepted by said defendant, and at all times thereafter said defendant has retained possession of and still retains possession of the same, and has never returned or offered to return said truck to the plaintiff," and that the defendant has not paid the $500 to the plaintiff, although duly demanded.

The defendant answered, admitting the making of the written contract and the $500 payment to it thereon, specifically denied "that said automobile truck was of faulty or poor workmanship," and al-

leged "on information and belief that said plaintiff did not properly handle or care for said truck, that it was misused and abused by said plaintiff and its employees, and for such reasons, and such reasons only, said truck was injured and damaged, and  *  *  *  that, if said plaintiff was unable to utilize said truck, such inability arose solely and only from such negligent and careless usage and handling of said truck." The answer further denied all the allegations of the complaint, and alleged: "That this plaintiff duly carried out and consummated all the terms and conditions of said contract, and performed all the things agreed by it to be done and performed, and sold and delivered to said plaintiff said automobile truck. That the same fulfilled and complied with all the terms and conditions of said contract.  *  *  *  That plaintiff refused to pay the balance of the purchase price for said truck without justification, and without reason, and without authority from this defendant returned said truck to this defendant, and to its factory at Mankato, and notified defendant that it would not, under any conditions, pay the balance of the purchase price due thereon."

A reply was interposed, which was in effect a general denial.

The cause was tried to a jury on these pleadings, and at the close of the testimony the court denied the defendant's motion for a directed verdict on the ground that the plaintiff had failed to prove a cause of action. The plaintiff had a verdict for $500. Thereafter the defendant moved, upon the record and the minutes of the court, for an order for judgment notwithstanding the verdict, on the ground that the verdict was not justified by the evidence and was contrary to law, and because the court, on the trial of the action, denied the defendant's motion for a directed verdict as above recited. The defendant further moved that, if such motion should be denied, then that it be granted a new trial on the grounds of errors of law occurring on the trial and duly excepted to, and that the verdict was not justified by the evidence and was contrary to law; the errors complained of being specified, as hereinafter indicated.

The court denied the defendant's motion for judgment, but ordered a new trial, without stating in its order that the verdict was not justi-

fied by the evidence. Thereafter a case was settled, and the plaintiff appealed from the order granting a new trial.

1. The plaintiff contends that, as no grounds were stated in the court's order granting the new trial, such order cannot be sustained, unless it appears that errors of law occurred therein sufficient to warrant the granting of a new trial. This position is substantially correct (Sather v. Sexton, 101 Minn. 544, 112 N. W. 1142), and for the purpose of this appeal may be conceded to be absolutely so; and it may be further conceded that such errors must have been included in the grounds and specifications of the defendant's application for the order referred to.

2. The question then is: Does it appear from the record that reversible error was committed on the trial against the defendant, which was duly challenged in the defendant's motion for a new trial? The defendant claims that there were several of such errors. We are of the opinion that there was but one; but, in view of the fact that there must be a new trial, we will consider all of the alleged errors, which, though unfounded, we deem of sufficient importance to require disposition.

The defendant insisted on the trial, and here, that the complaint contains two causes of action, one based upon a warranty and the breach thereof, and the other based upon a rescission by mutual agreement. On the trial the court overruled the defendant's motion that the plaintiff be required to elect upon which of these two causes of action it would seek a recovery, and this ruling, to which exception was duly taken, is one of the assignments of error specified in the motion for a new trial.

We think, however, that the complaint states only one cause of action, viz., one based upon the alleged oral agreement of the parties to rescind the contract for the sale of the truck, and the undertaking of the defendant to repay to the plaintiff the $500 which the latter had paid on the purchase price of the machine at the time of the sale. A simple test will demonstrate the correctness of this conclusion: Strike from the complaint all allegations concerning rescission and the agreement to repay, both of which, of course, are dissimilar to either a warranty or a contract to pay money, and then

consider whether sufficient allegations remain to state a cause of action for a breach of warranty of the contract for the sale of the machine. Clearly the answer must be in the negative, for the essential allegations in such an action, after the warranty is pleaded, are the facts constituting the breach thereof, and also the facts from which damages for the breach may fairly be deduced. Each of these are equally necessary and important, and to comply with the latter it must be alleged what the property was actually worth, as well as what it would have been worth if it had been as warranted (Plano Mnfg. Co. v. Richards, 86 Minn. 94, 90 N. W. 120; 3 Dunnell, Minn. Dig. § 8621), which allegations are entirely omitted from the complaint in this action. Besides, the plaintiff, on the trial, expressly rested its right to recover upon the oral agreement to repay the $500. We find no error in the ruling of the court on this point.

3. The defendant also contends that it was error to submit certain correspondence between the parties to the jury, and that the court erred in its instructions with reference thereto. We have considered this contention, and conclude that the likelihood of the same question arising again in the same manner as here presented is so slight that no discussion or further pronouncement is necessary, except to state that we are of the opinion that the defendant is in no position to complain of such alleged errors.

4. The last claim made by the defendant, requiring consideration, is that the court erred in admitting testimony on the part of the plaintiff, over the defendant's objection and exception, tending to prove a breach of warranty, and this was specially assigned as error in the defendant's application for a new trial. We have already held that the sole issue made by the pleadings was the alleged rescission and agreement to pay back to the plaintiff the sum paid at the time of the purchase of the machine, and it appears that no other issue was litigated by consent. It requires but the mere statement of the proposition to demonstrate that evidence of a breach of warranty could not establish the issue made by the pleadings as above stated. However, the rule is that, where there is a conflict in the testimony of witnesses relevant to the issue, evidence of collateral facts which has a direct tendency to show that the statements of the witnesses on one

side are the more reasonable, probable, or credible is admissible (1 Dunnell, Minn. Dig. § 3252), though it must be received with caution. The testimony here under consideration was admissible only if it came within this rule.

In Cochrane v. West Duluth, I. C. & Imp. Co. 64 Minn. 369, 67 N. W. 206, Mr. Justice Mitchell said: "The general rule is that evidence of collateral facts is inadmissible. The objections to such evidence are practical, viz., that it has tendency to protract the trial unreasonably, to distract the minds of the jurors from the point in issue, and is also liable to take the adverse party by surprise and unprepared to rebut it. But such evidence may be admitted wherever the collateral fact will have a direct, logical tendency to shed real light on the question in issue."

In Philips v. Mo, 91 Minn. 311, 97 N. W. 969, Chief Justice Start cited several cases to this question, and stated: "In the practical application of the rule a fair discretion must be allowed to the trial court, and evidence of such collateral facts is to be received with caution."

The testimony here involved is too voluminous to set out in full, but its character is indicated by the following: A witness for the plaintiff, after describing the construction of the truck generally, and stating that the plaintiff had trouble with it, and that the axles had broken, not so much from the fault of the material therein as from the construction of the truck, and also in what respect such construction was faulty, was permitted to testify, over the objection and exception of the defendant, that in his opinion the axles of the car were not heavy enough; that the plaintiff had trouble with the front yokes because they were too light, and also with the transmission, describing it in detail, and incidentally relating an instance where, because of this faulty transmission, the machine "locked up" on the witness when he was some ten miles out in the country, wherefore he was compelled to leave the machine and to send men to repair it. This testimony, and other testimony by the same witness generally disparaging the machine, was received without any attempt to confine it to matters which were known or communicated to the defendant.

The plaintiff, in its brief, seeks to justify this course of procedure by stating therein: "If there are any allegations in the complaint tending to state a cause of action for breach of warranty, these parts were inserted for the purpose of showing the reason for the promise to refund and the rescission of the contract by mutual consent." And, further: "We believe that there was nothing prejudicial in the admission of evidence tending to show a breach of warranty, for, as above stated, the sole purpose of it was to show the reason for making the promise to repay and the rescission of the contract by mutual consent."

It is difficult to conceive how this evidence could be regarded as tending to show that the defendant made the alleged oral contract because it had "reasons" for making thereof, caused by the fact of the alleged detailed defects in the machine; it not appearing that the defendant had knowledge of the existence of such defects at the time that the defendant is claimed by the plaintiff to have entered into such contract. How could the defendant's conduct have been influenced by the facts outside of its knowledge?

That this testimony, if improper, was prejudicial, is clear. The question of the making of the alleged oral agreement to rescind and repay was a close one; but one witness on each side testifying directly to the conversation by which it is claimed to have been consummated. If the plaintiff could satisfy the jury that the truck was either practically worthless, or did not work well, or as warranted, such would go far in turning the scales in its favor. While the evidence was offered for the ostensible reason that inferences could and should be deduced therefrom favorable to the plaintiff's theory, viz., that the oral contract was entered into by the defendant as claimed by the plaintiff, the practical effect thereof was to inject into the case a dominating issue not pleaded, to the prejudice of the defendant. As applied to the facts in this case, the broad admission of this testimony was error. The court below, after reconsidering its action in regard to this line of testimony, and evidently and correctly so concluding, and, further, that the instructions given did not take the sting therefrom, granted the defendant a new trial, and we find no sufficient reason for interfering with its conclusion.

Order affirmed.