## 'ALBERT OLSON v. HOY & ELZY COMPANY.[1]

March 19, 1915.

Nos. 19,091—(282).

**Negligence of fellow servant.**

> Plaintiff was engaged with others excavating for a cellar. He was directed to shave two feet off the surface of a jog in the dirt wall. The jog was six feet wide. Plaintiff started at the bottom but left a pillar of earth which supported the soil above. After he had mined in this manner for some time, his employer, without his knowledge, directed one of the numerous laborers in the cellar to go and work with him. This laborer had a pick and dug with his pick into this pillar of earth to such an extent that a cave-in occurred. *Held*, the only negligence was the negligence of the laborer, who was a fellow servant of plaintiff, and that defendant was not liable.

Action in the district court for Ramsey county to recover $11,000 for injuries received while in the employ of defendant. The case was tried before Kelly, J., who at the close of plaintiff's testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $850. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and judgment ordered for defendant.

*Barrows, Stewart & Ordway,* for appellant.

*Duxbury, Conzett & Pettijohn,* for respondent.

HALLAM, J.

Plaintiff, while employed by defendant excavating a cellar, was injured by earth falling upon him. The excavation was eight or

[1] Reported in 151 N. W. 893.

---

Note.—On the question of the master's liability for injury to servant through dangerous condition due to act of fellow servant, see note in 41 L.R.A. 54.

nine feet deep and was nearing completion. Plaintiff and numerous other men were doing the various forms of common labor incident to the excavation and construction of a cellar, under the general direction of one Hoy, who was in full charge of the work. Under Hoy was a foreman named Scott. A short time before the accident, Scott directed plaintiff to shave two feet off the face of a jog six feet wide which extended out from the cellar wall. Plaintiff proceeded to do so. He commenced mining at the bottom and proceeded until he mined a place four feet wide, four feet high, and running into the jog one and one-half feet, leaving a pillar or abutment of earth about two feet wide to support the soil above. When he reached this point in the work he turned to shovel the accumulated loose earth out into the middle of the cellar. While he was so engaged, Hoy called to one of the numerous laborers in the cellar, who was standing near with a pick in his hand, and, pointing to plaintiff, said: "Go over there and work with that man." This laborer went over and commenced picking into the pillar which plaintiff had left to support the upper layer of earth, and thus caused a cave-in which buried plaintiff out of sight. Plaintiff's evidence is that he was not informed that this laborer was directed to work with him, did not know that he was going to do so, and, before plaintiff realized what the stranger was doing, the cave-in occurred. The case was submitted to the jury and a verdict returned in favor of plaintiff.

The claim of plaintiff is that Hoy was a vice principal, and that he was negligent in sending this man to work with plaintiff without advising plaintiff of this change in the condition of his work. Defendant does not deny that Hoy was a vice principal, but contends the laborer was a fellow servant, that this fellow servant alone was negligent, and that for his negligence defendant was not liable.

A majority of the court are of the opinion that this case involves nothing but an application of the familiar law of fellow servants. The laborer assigned to work with plaintiff was a fellow servant with him. There was no negligence in assigning him to work with plaintiff. In view of the manner in which these men were being sent hither and thither about this excavation, there was no duty imposed upon defendant to warn plaintiff that another laborer had

been directed to work with him upon this abutment or jog. The cave-in resulted solely by reason of the negligence of this fellow servant, and there can be no recovery. The case is not within the principle of Borgerson v. Cook Stone Co. 91 Minn. 91, 97 N. W. 734, and Owens v. Savage, 93 Minn. 468, 101 N. W. 790, where other employees were assigned to work which rendered the position of plaintiff inherently dangerous even though their work were carried on with due care.

Order reversed and judgment ordered for defendant.