JONAS LEVINE v. BARRETT & BARRETT.[1]

83 145
84 170

Nos. 12,677, 12,841—(68).[2]

On Motion to Dismiss, May 3, 1901.

## Appeal from Order—Notice.

G. S. 1894, § 6138, limiting the time for taking an appeal from an order, construed, and *held* that it is only after written notice of the entry of the order to the adverse party that the limitation begins to run as to him. The fact that the latter gave such notice to his adversary does not take the case out of the rule.

On Appeal, November 8, 1901.

## Personal Injury—Question for Jury.

Evidence considered, and *held* sufficient to support the complaint, and to require a submission to the jury of the issues in an action for personal injuries sustained by plaintiff in falling into an excavation adjoining defendant's building.

## Judgment notwithstanding Verdict.

*Held*, that the order of the trial court refusing to grant judgment for defendant notwithstanding a verdict in plaintiff's favor was properly denied.

## New Trial.

*Held*, also, that there was no abuse of discretion by the trial court in granting a new trial.

Appeal by defendant from an order of the district court for Ramsey county, O. B. Lewis, J., denying a motion by defendant for judgment notwithstanding the verdict and granting a new trial. In the supreme court, respondent moved to dismiss the appeal. Motion denied. Order of district court affirmed.

*How, Taylor & Mitchell* and *Franklin H. Griggs*, for appellant.
*Frederick W. Foot*, for respondent.

On motion to dismiss, the following opinion was filed May 3, 1901:

[1] Reported in 85 N. W. 942, 87 N. W. 847.    [2] October, 1901, term.

83 M.—10

STARK, C. J.

The plaintiff had a verdict for $1,000 in this, a personal injury, action, and the defendant moved the court for judgment notwithstanding the verdict or for a new trial. The court, on February 13, 1901, made its order denying the motion for judgment, and granting a new trial. The defendant's attorney, February 15, served written notice of the making of the order upon the plaintiff's attorney, but written notice thereof has never been given by the plaintiff to the defendant. On April 4 the defendant took an appeal to this court from that part of the order which denied the motion for judgment. This appeal was dismissed, and the defendant again appealed from the whole order on April 20. The plaintiff now moves to dismiss this last appeal because it was not taken within thirty days after written notice of the order.

Was it necessary for the plaintiff to give the defendant written notice of the order to cut off its right of appeal? This question is answered in the affirmative by G. S. 1894, § 6138, which provides that "the appeal from a judgment hereafter rendered may be taken within six months after the entry thereof, and from an order within thirty days after written notice of the same." The statute requires written, not actual, notice to be given in order to limit the time for appealing. It is the purpose of the statute to fix definitely the time when the statute shall begin to run, and not leave it to the uncertainty which would result if the limitation commenced from the time the adverse party had actual notice of the order. When the defendant served notice of the order, it set the statute running as against the plaintiff, but not as to itself. If the plaintiff desired to set it running as to the defendant, he should have given it written notice of the order. He had the matter in his own hands. Maurin v. Carnes, 80 Minn. 524, 83 N. W. 415; Rankin v. Pine, 4 Abb. Pr. 309; Fry v. Bennett, 7 Abb. Pr. 352; Corwith v. State, 18 Wis. 560; Rosenkrans v. Kline, 42 Wis. 558.

Motion denied.

On appeal the following opinion was filed November 8, 1901:

LOVELY, J.

Action to recover for injuries sustained by plaintiff, who fell into an excavation adjacent to defendant's building on Wacouta street, in the city of St. Paul. Plaintiff had a verdict. Defendant, upon a settled case, moved for judgment in its favor, or for a new trial in the alternative. The trial court denied the motion for judgment, but, in the exercise of its discretion, granted a new trial. Defendant appeals from the entire order to this court.

Plaintiff's right to recover depends upon the failure of defendant to perform the duty imposed by two ordinances of the city of St. Paul, one providing that "any person having the use of any portion of the street or sidewalk for the purpose of erecting or repairing any building, or for any other purpose, shall cause a red light to be placed in a conspicuous place in front of such obstruction from dark until sunrise each night during the time such obstruction remains." Section 142, Ord. 1883. The other provides that "it shall be the duty of the owner, * * * during the construction of any building or improvements upon or near the line of any public street, highway, alley or sidewalk, to have all excavations, or exposures of any kind, protected and guarded by suitable guards by day and by lights by night, if necessary." Section 188, Ord. 1883.

It is substantially alleged in the complaint that defendant had made an excavation adjacent to its building, but had failed to protect the same by the lights and barriers required by the ordinances referred to, whereby plaintiff fell into it in the nighttime, and was injured. It appeared that plaintiff, about 11 o'clock on a Thanksgiving night, while walking upon the sidewalk where the excavation was, as he claims, seeing no lights, and there being no proper barriers, fell into the hole, and was injured.

There was evidence to support his claims that there were no barriers or lights by witnesses who testified to conditions existing around the excavation at different times during the night in question amply sufficient to sustain the verdict of the jury, unless successfully rebutted, which would ordinarily present a question for the jury. This evidence was met by the testimony of one of the officers of the defendant, who claimed to have seen lights placed

there at 4 o'clock on the afternoon previous to the injury, and by the further evidence of an employee, who testified that proper lights were at the excavation before nightfall. Other witnesses testified for defendant that such lights were there at different times during the night and in the morning.

It is the contention of the defendant that the testimony of the witnesses who swore to the existence of the lights and barriers was uncontradicted, and their statements must be accepted as true, from which the inference necessarily follows that, if there were no lights or barriers protecting the excavation at the time when the plaintiff fell into it, they had been removed by third parties, though no one saw them removed. Upon this theory defendant insists that we should reverse the order of the trial court, and direct judgment for the defendant.

A careful review of the evidence leads us to the conclusion that the positive statements of the witnesses who declared they saw the lanterns and barriers before the injury are not of such absolute or unquestionable verity as to justify us in reversing the order of the trial court and granting the relief asked by defendant. We have gone over the evidence on both sides very carefully, and are satisfied that the testimony was such as to make it a question of veracity between the witnesses for defendant and plaintiff as to whether the lights and barriers were properly put up and maintained during the night in question. It must be a clear case where we would override the prerogative of the jury to pass upon the credibilty of witnesses or the discretion of the court in granting a new trial. We are satisfied that the questions presented upon the conflicting view of the issues of fact at the trial were distinctively for the consideration of the jury, and do not find in the record any evidence that the trial judge abused his discretion in ordering a new trial.

The order appealed from is affirmed.