JOHN SHEEHY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

June 19, 1914.

Nos. 18,606—(140).

**Death by wrongful act — complaint — pleading.**

1. Allegations of the complaint in an action to recover damages for the wrongful death of defendant's employee, a highway crossing flagman, *held*

[1] Reported in 147 N. W. 964.

sufficient to show negligence on defendant's part whereby a car, left standing near the crossing without brakes being set, was propelled over the same without notice or warning to deceased, causing his death.

**Contributory negligence.**

2. Allegations of the pleadings *held* not to justify an inference that deceased was guilty of contributory negligence.

Action in the district court for Le Sueur county by the administrator of the state of John Kennedy, deceased, to recover $7,500 for the death of plaintiff's intestate. The case was tried before Morrison, J., who sustained defendant's objection to the introduction of any testimony upon the ground the complaint did not state a cause of action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Maurice Hessian* and *Larrabee & Davies,* for appellant.

*W. C. Odell, W. H. Bremner* and *F. M. Miner,* for respondent.

PHILIP E. BROWN, J.

Appeal by plaintiff from an order denying a new trial.

The action is one to recover for death by wrongful act. On the trial, after plaintiff had offered testimony tending to prove only formal allegations of his complaint, the court sustained defendant's objection, interposed at the outset but not ruled upon until later, to the introduction of any evidence, upon the ground that the complaint did not state a cause of action. The pleading attacked, after requisite formal allegations, alleged the following: Employment of deceased by defendant for a long time preceding his death, as a flagman at a highway crossing in the village of Montgomery, his duty requiring him to be at and upon the crossing of the street and defendant's railway tracks for the purpose of notifying and protecting travelers on the former, and to perform the usual duties of flagman. During the period of employment it was defendant's duty and custom to notify him by signal before undertaking to move cars over the crossing, and before doing anything that might cause cars to be so moved. Immediately prior to the accident, an empty car stood upon one of the tracks crossing the highway and near thereto, be-

ing negligently and contrary to a long established custom and to the general custom of railroad operation, left without the brakes being set. Thereupon defendant, negligently and contrary to the established custom in this regard, and without warning or signal, propelled several other cars against it, at a dangerous rate of speed and with such force as would naturally, and which did, drive it across the highway; whereby, solely because of the negligence stated, and without contributory fault or assumption of risk on his part, it came in contact with deceased while he was in the performance of his duties, causing his death.

1. The ruling was erroneous. The complaint stated a cause of action. Defendant's contention, that it owed deceased no duty except to refrain from wilfully injuring him after knowledge of his being in a place of danger, is untenable. It was required to use ordinary care for his safety. Furthermore, he had the right to rely to a reasonable extent upon observance of the custom alleged, and the latter, if proved, would obligate defendant to use vigilance in complying therewith. Defendant could not, by long usage, establish a method of doing the work, involving the safety of its employee and acted and relied upon by him, and then rightfully discontinue the same without notice or necessity. Negligent noncompliance therewith, causing accident or injury, would create liability. Anderson v. Northern Mill Co. 42 Minn. 424, 44 N. W. 315; Flanders v. Chicago, St. P. M. & O. Ry. Co. 51 Minn. 193, 53 N. W. 544; Westaway v. Chicago, St. P. M. & O. Ry. Co. 56 Minn. 28, 57 N. W. 222; Hooper v. Great Northern Ry. Co. 80 Minn. 400, 83 N. W. 440; Floan v. Chicago, M. & St. P. Ry. Co. 101 Minn. 113, 111 N. W. 957. These cases recognize the principle above stated.

2. The answer admitted deceased's employment as a crossing flagman "for the purpose of observing the passage of trains over the same and notifying and warning those about to cross said tracks, of the movement of cars over the same." No issue was joined thereon in the reply. It is insisted that the court's ruling was justified thereby. We are unable to see how it affects the matter.

Neither can we sustain defendant's contention that it is apparent

upon the pleadings that its negligence was not the proximate cause of the accident or that the death was due to deceased's failure to exercise ordinary care for his own safety. The allegations of the pleadings do not justify an inference of contributory negligence on the part of deceased.

Order reversed.