## Charles H. DeWolfe, Appellee, v. Harlan W. Pierce et al., Appellants.

### Gen. No. 6,114.   (Not to be reported in full.)

Appeal from the Circuit Court of Stark county; the Hon. THEO-DORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Charles H. DeWolfe, plaintiff, against Harlan W. Pierce et al., defendants, in the Circuit Court of Stark county, to recover for personal injuries sustained by falling through a hole in the floor of defendants' store building. From a judgment for plaintiff for two hundred and fifty dollars, defendants appeal.

It appeared that defendants were conducting a hardware store and tin shop in the City of Toulon in a building (or two adjoining buildings) having two entrances from the street. One entrance was to the general store room where smaller articles were kept. That room was kept heated and was the usual place for customers to enter. The other was to a room that defendants call a warehouse, but in which was kept for sale stoves and heavier articles. This room was not kept heated, and the entrance was by means of a sliding door. Back of this room was a tin shop where one of the brothers worked. There was a door from each of the rooms into this tin shop. Before the time in question defendant's customers, desiring to purchase some of the larger articles, or having business in the tin shop, sometimes used the doorway into the so-called warehouse.

A short time before the accident a drayman in unloading a stove had broken a hole in the floor just back of this sliding door, and defendants had placed a stove over the broken board so that customers entering in

DeWolfe v. Pierce et al., 196 Ill. App. 360.

that way would not fall in the opening made. On the day of the accident the stove was removed and one of the defendants was engaged in repairing the floor. He had removed the stove and gone out of the room for a short time to get something needed in the repair, leaving the sliding door partly open, and while he was gone plaintiff, entering the store, stepped in the hole, receiving a quite serious injury. The defense was that plaintiff was a licensee on defendant's premises when injured.

J. H. Rennick and T. W. Hoopes, for appellants.

James H. Andrews and Charles W. Espey, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. Negligence, § 131*—*when no variance as to place where injury sustained.* In an action to recover for personal injuries where the declaration alleged that plaintiff's injuries were sustained by falling through a hole in defendants' "store building," and the evidence showed that the hole in question was in the floor of a warehouse used in connection with defendants' store, *held* no variance, the warehouse under the evidence being properly denominated a store building.

2. Negligence, § 24*—*when owner not liable for injuries to person entering premises by permission only.* One entering premises by permission only, without enticement, allurement or inducement held out by the owner or occupant, cannot recover for injuries caused by obstructions or pitfalls existing in the premises.

3. Negligence, § 23*—*when person entering premises not mere licensee without invitation.* In an action to recover for personal injuries sustained as a result of defendants' alleged negligence by falling through a hole in the floor of an entrance to a building where defendants conducted a tin and hardware business, it appearing that the entrance in question through which plaintiff sought to enter such store was not the entrance provided for the purpose, *held* that plaintiff was not a mere licensee without invitation so as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to excuse defendants from the duty of exercising care to keep such entrance free from danger where it appeared that the entrance in question was so used by customers entering the store with sufficient frequency to charge defendants with knowledge that it was being so used, in which case an invitation so to use that entrance is to be implied.

4. NEGLIGENCE, § 205*—*when instruction ignoring issue not prejudicially erroneous.* In an action to recover for personal injuries sustained as a result of defendants' alleged negligence by falling through a hole in the floor of an entrance to a building wherein defendants conducted a tin and hardware business, where the defense was that at the time of the injury plaintiff was a mere licensee without invitation, an instruction ignoring the question whether plaintiff at such time was an invitee of a licensee *held* not prejudicially erroneous, where a further instruction told the jury that plaintiff could not recover unless the evidence showed that the building in question was a store building into which the public was invited to enter, and where the proof was clear and convincing, and where the instructions, as a whole, were as favorable to defendants as they had a right to ask.

5. NEGLIGENCE, § 198*—*when question whether plaintiff exercised due care for jury.* In an action to recover for personal injuries alleged to have been sustained by reason of defendants' negligence, the question whether at the time of the injury plaintiff was in the exercise of due care for his own safety is for the jury.

6. NEGLIGENCE, § 188*—*when evidence sufficient to sustain finding as to exercise of due care by plaintiff.* In an action to recover for personal injuries sustained by falling through a hole in the floor of an entrance to a building wherein defendants conducted a tin and hardware business, which defect in such floor was alleged to be due to defendants' negligence, evidence *held* to justify the jury in finding that at the time of the injury plaintiff was in the exercise of due care for his own safety.

7. DAMAGES, § 115*—*when verdict for personal injuries not excessive.* In an action to recover for personal injuries sustained as a result of defendants' alleged negligence by falling through a hole in the floor of an entrance to a building wherein defendants conducted a tin and hardware business, where plaintiff in his testimony sought to magnify the injuries sustained by him as a result of the accident, a verdict of two hundred and fifty dollars for plaintiff *held* not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.