## JOHN SHEEHY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

February 18, 1916.

Nos. 19,533—(176).

**Appeal from judgment—verdict supported by evidence.**

1. Plaintiff's intestate, who was employed by defendant as a flagman at a point where defendant's railroad tracks cross a city street, was run down and killed by a standing car which was shunted across the street. Plaintiff alleges the existence of certain customs; of giving a signal or warning before moving cars over the crossing; of setting the brakes whenever a car was left standing and of moving slowly when making couplings; the defendant violated these customs and that such violation was the proximate cause of the injury resulting in the death of plaintiff's intestate. Plaintiff had a verdict. No motion for a new trial was made. A motion for judgment notwithstanding the verdict was denied and judgment entered. Defendant appeals from the judgment. In such case, this court will only consider the sufficiency of the evience to support the verdict. The evidence herein is sufficient.

**Judgment notwithstanding verdict—contributory negligence.**

2. To entitle the defendant to judgment notwithstanding the verdict on the ground of deceased's contributory negligence, it is not sufficient that the verdict be manifestly against the preponderance of the evidence. "The undisputed evidence must conclusively establish a state

[1] Reported in 156 N. W. 346.

of facts from which no other reasonable inference can be drawn, except that the deceased was guilty of contributory negligence." Searfoss v. Chicago, M. & St. P. Ry. Co. 106 Minn. 490, 119 N. W. 66. The evidence is not so conclusive as to compel a finding that the deceased was guilty of contributory negligence as a matter of law.

Action in the district court for Le Sueur county by the administrator of the estate of John Kennedy, deceased, to recover $7,500 for the death of his intestate while in the employ of defendant. The case was tried before Morrison, J., and a jury which returned a verdict for $1,500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. C. Odell, W. H. Bremner* and *F. M. Miner,* for appellant.
*Larrabee & Davies,* for respondent.

SCHALLER, J.

Action to recover for death of plaintiff's intestate. The case was tried to a jury which returned a verdict for the plaintiff. Defendant moved for judgment notwithstanding the verdict, which motion having been denied, and judgment entered, defendant appeals.

Plaintiff's intestate, John Kennedy, at the date of his death was, and for about seven years prior thereto had been continuously in the employ of the defendant as a flagman at the point where defendant's railroad tracks cross Boulevard street in the city of Montgomery, Minnesota. On the twenty-third of April, 1913, while Kennedy was performing his duties as flagman, a train crew was engaged in switching operations near the crossing. A string of cars pushed ahead of an engine was moving toward the crossing from the south for the purpose of being coupled to a car standing near the south line of Boulevard street. The brakes on this standing car were not set. The other cars were driven with considerable force against the standing car. The couplings did not engage and the standing car, driven by the impact of the train, rolled rapidly across Boulevard street, struck the deceased, throwing him down, running over and killing him. No signal or warning of any kind was given to deceased. No bell was rung or whistle blown. No one was in charge of the standing car or near it.

1. No motion for a new trial having been made, the only question to be decided is whether the evidence is sufficient to sustain the verdict. Borgerson v. Cook Stone Co. 91 Minn. 91, 97 N. W. 734; Smith v. Minneapolis Street Ry. Co. supra, page 51, 155 N. W. 1046, and cases cited.

The complaint, which has been held sufficient (Sheehy v. Minneapolis & St. L. R. Co. 126 Minn. 133, 147 N. W. 964), alleges that a custom existed that the defendant, before undertaking to move cars over the crossing or doing anything that might cause the cars to be moved, should give a signal or warning; that a custom existed of setting the brakes whenever a car was left standing; and that a custom existed of moving slowly when making couplings.

Plaintiff claims that the defendant violated these customs, and that such violation was the proximate cause of the injury which caused the death of plaintiff's intestate.

The jury were instructed that, if they found that any one of these customs was violated and that such violation was the proximate cause of the injury, they might find a verdict for the plaintiff. The evidence as to the existence of each of these customs was somewhat conflicting. One of the plaintiff's witnesses on cross-examination flatly contradicted some of the testimony given by her on her direct examination. On re-direct examination she reaffirmed the testimony first given, asserting that she was confused and frightened and that she misunderstood some of the questions. Her testimony was corroborated in some particulars by other witnesses for plaintiff, and some of defendant's witnesses, on cross-examination, made admissions tending to establish the facts as claimed by plaintiff.

It is not contended that any of these customs was unreasonable. Due regard for the safety of the public and for its own interests would suggest to the defendant the propriety of requiring brakes to be set on cars standing loose on its right of way at or near a street crossing. The same consideration would urge that in coupling such cars excessive force should not be used, and that some warning should be given when a train or locomotive was about to cross a street or kick or shunt cars across it. Reasonable prudence might require precautions to be taken at a railroad crossing, even though a railroad company had protected the crossing by placing a flagman thereon. We are not prepared to say that the jury did

not take these things into consideration, as they had a right to do. We are not prepared to say that the jury did not have a right to believe the witness who explained her testimony on cross-examination by saying that she was confused and misunderstood the questions. The credibility of the witnesses and the weight to be given to their testimony were for the jury. By their verdict the jury found that the customs, or some of them, existed, that they were negligently violated, and that such violation was the proximate cause of the death of plaintiff's intestate. There was evidence in the case which would justify the jury in arriving at these conclusions.

2. It is earnestly urged that the evidence conclusively shows that the plaintiff's intestate was, as a mater of law, guilty of contributory negligence. But, if these customs actually existed, the deceased had a right to rely upon them. The accident resulted in his death. The presumption is that he was in the exercise of due care. To entitle the defendant to judgment notwithstanding the verdict, it is not sufficient that the verdict be manifestly against the preponderance of the evidence. "The undisputed evidence must conclusively establish a state of facts from which no other reasonable inference can be drawn, except that the deceased was guilty of contributory negligence." Searfoss v. Chicago, M. & St. P. Ry. Co. 106 Minn. 490, 119 N. W. 66; Hawkins v. Great Northern Ry. Co. 107 Minn. 245, 119 N. W. 1070, 1135; Peterson v. Merchants Elev. Co. 111 Minn. 105, 126 N. W. 534, 27 L.R.A. (N.S.) 816, 137 Am. St. 537.

The evidence in the instant case is not so conclusive as to compel such a finding.

Judgment affirmed.