## JULIAN FINK v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

### March 27, 1925.

### No. 24,387.

**On appeal from judgment notwithstanding only question whether sufficient evidence to sustain verdict.**

1. Where defendant asks for judgment notwithstanding the verdict but not for a new trial, the only question presented is whether the evidence is sufficient to sustain the verdict.

**Question for jury whether statutory warnings were given at railroad crossing.**

2. Collision at a highway crossing between defendant's train and a tractor driven by deceased. The evidence will not justify a finding that defendant ran its train at a negligent rate of speed or failed to keep a proper lookout, but made a question for the jury as to whether the statutory warnings were given for the crossing.

[1]Reported in 203 N. W. 47.

**Presumption that decedent used due care.**

     3. The deceased is presumed to have exercised due care and whether he was guilty of contributory negligence was for the jury.

     *Headnote 1.   See Judgment, 33 C. J. p. 1184, § 114.
     Headnote 2.   See Railroads, 33 Cyc. pp. 1088, 1091, 1104.
     Headnote 3.   See Railroads, 33 Cyc. pp. 1071, 1111.

Action in the district court for Stearns county for wrongful death. The case was tried before Roeser, J., and a jury which returned a verdict for $1,500. Defendant's motion for judgment notwithstanding the verdict was denied. Defendant appealed from the judgment pursuant to the verdict. Affirmed.

     *D. F. Lyons* and *Frederic D. McCarthy*, for appellant.
     *Donohue & Quigley*, for respondent.

TAYLOR, C.

Defendant operates a branch line of railroad running westerly from Little Falls through Sauk Center to Morris. Trunk Highway No. 4 crosses this railroad at grade 2 or 3 miles east of Sauk Center. A permanent snow fence and a row of trees extend from the highway west along the north edge of the right of way. A farm house occupied by the Henry family is located between one and two hundred feet west of the highway and about the same distance north of the railroad track. A driveway from the house to the highway runs along the row of trees just north of the snow fence. On May 17, 1923, Leopold Fink finished plowing a nearby field with a Fordson tractor about 10 o'clock in the forenoon, and drove up to the Henry house. He then started for Sauk Center with the tractor going along the driveway to the highway and then turning south across the railroad track. At the crossing an eastbound passenger train collided with the tractor and he sustained injuries which resulted in his death. Plaintiff as administrator of his estate brought this action for damages and recovered a verdict of $1,500. Defendant moved for judgment notwithstanding the verdict, but did not ask for a new trial. This motion was denied and defendant appealed from the judgment entered on the verdict.

As defendant rests its appeal on the claim that it is entitled to judgment notwithstanding the verdict, the only question presented is whether the evidence is sufficient to justify the verdict on any theory. See cases cited in the 1916 and 1921 Supplements to Dunnell, Minn. Dig. § 393. Three claims of negligence on the part of defendant were submitted to the jury.

First: That the train was running at an excessive rate of speed. Mrs. Henry who watched the train from her doorway estimated the speed at 25 to 30 miles per hour. No other witnesses estimated it above 25 miles per hour.

Plaintiff urges that this was a dangerous crossing because the travel on the highway was heavy and the view of the track was obstructed by the snow fence and by trees and brush. But it was a country crossing, and the evidence will not justify a finding that the train was running at an excessive or negligent rate of speed. Railroads must run their trains at a high rate of speed to accommodate the public, and could not perform the service demanded of them if compelled to slow down when approaching the numerous highways that cross their tracks. Rintala v. D. W. & P. Ry. Co. 159 Minn. 498, 199 N. W. 562.

Second: That the engineer and fireman were not keeping a proper lookout as they approached the crossing. The only basis for this claim seems to be the statement of Mrs. Henry that some one in the cab waved to her and her companion as the engine passed. Such evidence, with nothing more, will not justify a finding that the engineer and fireman were in any way derelict in the performance of their duties.

Third: That the whistle was not blown nor the bell rung for this crossing. This was a branch line and only one passenger train a day passed over it each way. Mrs. Henry's testimony was to the effect that it was her habit to watch this train as it passed each morning; that this morning, while at the pumphouse for a pail of water, she heard it whistle at another crossing toward Sauk Center; that she listened for the whistle for this crossing, but heard none; that she deposited her pail of water and then went to the front steps and watched the train as it came in sight and passed,

but heard no whistle and no bell at this crossing. The engineer, fireman and a passing farmer testified that the whistle was blown and the bell rung. We think that the evidence was sufficient to make a question for the jury on this issue, and that we would not be justified in ruling as a matter of law that the warnings required by statute had been given. Willett v. G. N. Ry. Co. 154 Minn. 10, 191 N. W. 260; Zenner v. G. N. Ry. Co. 135 Minn. 37, 159 N. W. 1087; Cotton v. W. & S. F. Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935.

The only remaining question is whether the deceased was guilty of contributory negligence as a matter of law. As he is dead, we start with the presumption that he exercised due care for his own safety. This was a single track line of railroad. An embankment extended along the northerly side of the track beginning at a height of one foot at the highway crossing and rising to a height of ten feet, 800 feet west of the crossing. The embankment and the adjoining right of way had been covered with brush. Plaintiff, the father of the deceased, went to the scene of the accident the same day on which it occurred, May 17. He testified that the brush was thick, green and about eight feet high close to the cattle-guard and about 12 feet high 100 feet west of the cattle-guard, and that a train could not be seen by a person approaching from the north until within ten feet of the track. He was corroborated by several other witnesses as to the existence of the brush, although they varied as to its height. Defendant claims that this brush had been cut down before the accident, and introduced photographs taken the day after the accident which show it had been cut at the time they were taken. These photographs show the snow fence and the line of trees along it previously mentioned, and that the trees were in foliage. There is no direct evidence as to when the brush was cut or who cut it. There is the testimony of four or five witnesses that it was standing on the day of the accident, and the evidence of these photographs that it was not standing when they were taken.

The question of contributory negligence is usually for the jury, especially when the one charged with such negligence is dead, and the facts disclosed by this record are not such as require us to say

that the deceased was guilty of contributory negligence as a matter of law. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Sheehy v. M. & St. L. R. Co. 132 Minn. 307, 156 N. W. 346; McMahon v. Flynn, 154 Minn. 326, 191 N. W. 902; Falk v. C. & N. W. Ry. Co. 133 Minn. 41, 157 N. W. 904; Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752.

Judgment affirmed.