## JOSEPH A. WRIGHT v. GEORGE W. POST.[1]

April 16, 1926.

No. 25,191.

**Refusal to grant judgment non obstante sustained.**

    The evidence was in conflict as to whether defendant was to give plaintiff a certain promissory note in case the holder thereof accepted defendant's offer to purchase a mortgage securing that and other notes at a discount, also as to whether it was the fault of the holder of the mortgage or that of defendant that the deal was not consummated, hence the court did not err in refusing to grant judgment notwithstanding the verdict.

    Judgments, 33 C. J. p. 1185 n. 56 New.

Action in the district court for Hennepin county. The case was tried before Leary, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Jesse Van Valkenburg*, for appellant.

*Mark J. Woolley*, for respondent.

HOLT, J.

Plaintiff for a cause of action alleged that Jourgen Olson & Company, a corporation, authorized him to sell a $13,000 mortgage for $10,000, he to retain as commission the difference; that plaintiff made a contract with defendant whereby the latter offered to buy this

[1]Reported in 208 N. W. 538.

mortgage of Jourgen Olson & Company for $7,500 cash, and a residence in Grand Forks, North Dakota, estimated worth $2,500; that in consideration of his services defendant would assign and deliver to plaintiff the first note for $1,000 to become due and payable of the notes secured by said $13,000 mortgage; and that plaintiff induced Jourgen Olson & Company to accept said offer and to tender delivery of the mortgage to defendant who refused to receive the same. Plaintiff alleged the note to be worth $1,040 and demanded judgment for that amount. Defendant admitted plaintiff was the agent of Jourgen Olson & Company authorized to sell the mortgage and that he negotiated with defendant with reference to its purchase; that in said negotiations plaintiff misrepresented the insurance upon the mortgaged property; that the negotiations failed of their purpose; and that a transfer of the mortgage was never tendered to defendant. The trial resulted in a verdict for defendant, and plaintiff appeals from the order denying his motion for a new trial.

The assignments of error raise but one question, viz: Did the court err in refusing to instruct the jury to find for plaintiff? The evidence has been examined attentively, and it discloses a decided conflict between the parties both as to the terms of the proposed deal between defendant and Jourgen Olson & Company and as to whose fault it failed of consummation, hence each issue was for the jury.

According to defendant, he never made any agreement to transfer to plaintiff the $1,000 note referred to, and was never to receive from Jourgen Olson & Company more than $12,000 in notes secured by mortgage. Such writings as are in the case corroborate defendant's contention. Unless there was an agreement on the part of defendant to give plaintiff the note in question, the cause of action stated in the complaint was not established, and to say the least such agreement was far from being conclusively proven. Again it is clear, even upon plaintiff's theory of the case, that if the mortgage and notes were not transferred to defendant because of the fault or refusal of Jourgen Olson & Company, defendants must prevail.

The evidence is ample that the arrangement was that the assignment, the mortgage and the notes were to be sent to a certain bank in Minneapolis for examination and delivery. This was not done. Instead defendant was informed by telephone that he must come to a room in the West Hotel and close the deal with Jourgen Olson. This defendant refused to do, countering with the proposition that he was in his office ready to close the transaction there. Neither party yielded, and the upshot was that a proper assignment or transfer of the mortgage and notes was never tendered defendant. Subsequent efforts of plaintiff to induce the parties to effect a deal on other or modified terms were unavailing. In no view was plaintiff entitled to a directed verdict. The evidence was in sharp conflict on the material issues stated.

Further discussion of the same would lead to no useful purpose. Plaintiff was neither by pleading nor proof entitled to recover on the ground that he was defendant's agent and entitled to earned commission as such or to compensation for the value of services rendered.

The order is affirmed.