## WILLIAM SUPORNICK v. JOSEPH SUPORNICK.[1]

November 30, 1928.

No. 26,908.

**Question for the jury whether injured girl was an invitee or mere licensee.**

1. Plaintiff entered defendant's store at about eight a. m. and remained until afternoon, when she was injured. She came as a volunteer and as such began working with other employes of defendant, and her services were for his benefit. They were accepted by defendant's agent in charge of the store and continued to the time of the injury. It was a proper question for the jury whether at the time of her injury plaintiff had become an invitee rather than a mere licensee, so as to put defendant under the duty to exercise due care for her safety.

**Plaintiff was not an employe under the compensation act.**

2. Under the workmen's compensation act only those are employes who "perform a service for hire" and to whom some "employer directly pays wages." In consequence, plaintiff, volunteering brief and uncompensated service, was not an employe.

Negligence, 45 C. J. § 890 p. 1327 n. 81.
Workmen's Compensation Acts—C. J. § 38 p. 47 n. 33.

---

See note in L. R. A. 1916A, 115, 246; L. R. A. 1917D, 145; L. R. A. 1918F, 201; 28 R. C. L. 760; 4 R. C. L. Supp. 1846; 5 R. C. L. Supp. 1560; 6 R. C. L. Supp. 1748.
See 20 R. C. L. 69.

[1]Reported in 222 N. W. 275.

Action in the district court for Ramsey county by the father of Edna Supornick, a minor, to recover damages for personal injuries sustained by her. There was a verdict of $1,250 for plaintiff, and defendant appealed from the judgment, Richard D. O'Brien, J. entered pursuant thereto. Affirmed.

*Durham & Lystad,* for appellant.

*Kerr, Nelson, Burns & Mohan,* for respondent.

STONE, J.

In this action for personal injury, plaintiff had a verdict, defendant's motion for judgment notwithstanding was denied, and he appeals from the judgment.

The injured person was a minor, Edna Supornick, and the action is on her behalf by her father. For convenience we shall refer to the minor herself as the plaintiff. Her father, William Supornick, and defendant, Joseph Supornick, are brothers. The injury occurred Sunday, March 20, 1927, in a store building in St. Paul which was being used at the time by defendant for the purpose of storing and arranging for sale a stock of fire and smoke-damaged merchandise. William Supornick was in the employ of his brother, the defendant—as the testimony puts it, "in charge" of the merchandise and the matter of getting it ready for sale. The evidence warrants the conclusion that he was the general agent of defendant for that purpose and as such in immediate control of the premises at the time being. Plaintiff was not employed in the store or otherwise by defendant himself. On the morning of the Sunday in question she asked her father for permission to go to the store with him for the purpose of meeting a cousin of about her own age. The permission was granted, and she accompanied her father to the store, arriving there about eight o'clock a. m. She remained there until between 12 and one o'clock, when she fell into an elevator shaft under such circumstances as to make the issue of negligence one for the jury.

The theory of plaintiff's case is that she was an invitee rather than a licensee. That issue was submitted to the jury, and an

affirmative answer is implicit in the verdict. The only question for us is whether the evidence supports that conclusion.

There is evidence that plaintiff went to the store as early as eight o'clock with her father; that she remained there continuously until she was injured, "helping * * * with the goods," assorting and "making pairs" of gloves, of which there was a "big bunch * * * all mixed up;" that she and her cousin had been checking bills; that she had done some "calling up people they wanted me to call." In short, there is testimony that from her arrival in the store to the time of her injury she had been continuously occupied assisting in the work of putting the merchandise in shape for the approaching sale. She was injured while showing some prospective customers how to get upstairs. "Somebody asked me to do it," she testified. All of plaintiff's services inured to the benefit of defendant, and even though plaintiff be considered a volunteer to start with, the work was done for defendant with the consent of her father, who was the agent "in charge" for him of the work in hand. So, notwithstanding the relationship between father and daughter, the conclusion is tenable that the services were accepted by defendant through his agent, the father.

1. Plainly one may go upon the premises of another as a mere licensee and by remaining there with the consent of the owner and for his benefit change his position and rights to those of an invitee. In order to entitle one to the status of a person who has entered premises or remains thereon by invitation, "it must appear, it seems, that his purpose was one of interest or advantage to the owner or occupant." 20 R. C. L. 69, citing Benson v. Baltimore Tr. Co. 77 Md. 535, 26 A. 973, 20 L. R. A. 714, 39 A. S. R. 436, and Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 A. S. R. 463. See also 45 C. J. 809. The substance of our own cases is stated in 4 Dunnell, Minn. Dig. (2 ed.) §§ 6984, 6985. Among them is L. R. Martin Timber Co. v. G. N. Ry. Co. 123 Minn. 423, 427, 144 N. W. 145, Ann. Cas. 1915A, 496, wherein it was said:

"Where it is evident that the use of the license is intended not only for the benefit of the licensee but of the licensor as well, there

arises some duty of care upon the part of the latter towards the former other than the one owing to a mere licensee."

Yet the element of benefit to the owner of the premises is not enough, for a mere volunteer who renders services without the invitation or consent of the owner remains a mere licensee. Church v. C. M. & St. P. Ry. Co. 50 Minn. 218, 52 N. W. 647, 16 L. R. A. 861; Wagen v. M. & St. L. R. Co. 80 Minn. 92, 82 N. W. 1107. In those cases, the services of the plaintiffs were not rendered at the invitation or even with the consent of anyone having authority to bind the defendant. In contrast, the evidence in this case shows, or at least it is open to the conclusion, that although plaintiff came upon defendant's premises as a mere volunteer she remained there several hours performing services for his benefit and with the approval and consent of his agent in charge. The situation is the same as though plaintiff had worked all of the forenoon in the immediate presence and with the consent of defendant himself. So there are present both the element of the services being for the benefit of the defendant and his consent to their rendition as they were rendered. Under the authorities those two factors were sufficient to justify the conclusion of the jury that plaintiff was an invitee and therefore that defendant owed her the duty of ordinary care.

2. It does not follow from the foregoing that plaintiff became the employe of defendant and subject to the workmen's compensation law. Under that statute, only those are employes who "perform a service for hire" and to whom some "employer directly pays wages." G. S. 1923, § 4326(d).

Judgment affirmed.