JESSE HORSMAN v. HOWARD BIGELOW AND ANOTHER.[1]

November 27, 1931.

No. 28,521.

[1] Reported in 239 N. W. 250.

*Lewis E. Jones, A. H. Winter,* and *W. A. Winter,* for appellant. *Murphy, Johanson & Nelson,* for respondent.

HILTON, J.

This is an action to recover damages for personal injuries sustained by plaintiff while a pedestrian crossing a street in the village of Browns Valley. He was struck by an automobile driven by defendant Howard Bigelow. At the close of the evidence for plaintiff the action was dismissed as to defendant L. C. Bigelow. The jury returned a verdict against the remaining defendant for $3,131. He appeals from an order denying his alternative motion for judgment or a new trial. Defendant died since this appeal was taken, and the administratrix of his estate has been substituted as defendant.

The accident happened on Wilmot road, otherwise known as Fourth street, which runs in a northerly and southerly direction in the village; Ash street runs in an easterly and westerly direction and intersects Wilmot road; Oak street is a narrow street running diagonally to Wilmot road from the southeast and, after being joined by a trail also known as Ash street, terminates at an acute angle at Wilmot road. Wilmot road and Ash street, west of it, are 60 feet wide as platted; in the center each is graveled to the width of 24 feet, with earth shoulders of about eight feet wide on each side.

In the complaint the elements of the charge of negligence of appellant (defendant) were that while respondent (plaintiff) was crossing Wilmot road in a westerly direction in plain sight of appellant, the latter, proceeding southerly on Wilmot road, in disregard of the rights and safety of respondent, drove his automobile to the east side of Wilmot road at an excessive and unlawful rate

of speed, without having his car under control, and struck and seriously injured respondent. Appellant, by answer, denied such negligence on his part and alleged that respondent's injuries were caused by his own gross and contributory negligence.

Other than the errors assigned relative to rulings on the omission or rejection of evidence, error in the charge of the court, claimed misconduct of counsel, the questions are as to the negligence of appellant and the contributory negligence of respondent. The burden of establishing the former was on respondent, and of the latter on appellant.

Respondent, as a passenger in a friend's car, left it when the car stopped at the edge of the gravel at the northeast portion of the intersection of Oak street and Wilmot road. He then started to cross Wilmot road for the purpose of going to his brother's house, where he lived, which was 100 feet south of the southwest corner of Ash street and Wilmot road. While he was so crossing the accident occurred.

As to the exact spot where the collision occurred the evidence is in conflict. Whatever importance attaches to the determination of the precise point of the collision, the jury had ample opportunity correctly to fix the place. It heard the conflicting testimony of the witnesses, examined various photographic exhibits received in evidence, on which witnesses placed marks explanatory of their testimony, and in addition the jury visited the place of the accident, which was 25 miles from the county seat, where the trial was held.

The speed of appellant's car was placed at 45 or 50 miles an hour by respondent and his witnesses; on appellant's part at 20 to 25 miles an hour. Evidence for respondent was that, while crossing Wilmot road and before reaching the center of the recently graveled portion thereof, appellant, while speedily approaching him from the north, suddenly turned his car to the left, striking respondent and causing the injuries complained of. For appellant the evidence was that respondent had crossed the center line and was on the west half of Wilmot road, and that as appellant turned his car quickly to the left to avoid a collision respondent jumped back in front of the car and was hit.

A fuller recital of the evidence does not seem necessary. Suffice it to say that the verdict of the jury, which established appellant's negligence and the lack of contributory negligence on the part of respondent, had sufficient support in the evidence. The evidence as to what respondent did in the way of looking for approaching cars and his failure to see appellant's car sooner than he did does not bring this case within the rule laid down in DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Spencer v. Mankato M. W. Co. 180 Minn. 509, 231 N. W. 202.

Appellant's contention that respondent's contributory negligence was established as a matter of law is without merit. It is only in the clearest of cases, when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion that the question of contributory negligence becomes one of law. Peterson v. Doll, 184 Minn. 213, 238 N. W. 324.

The case was hard fought; in the heat of the battle there were frequent "clashes" between counsel, many of which should not have occurred. We make no comment as to which of counsel was the greater offender. Appellant claimed unprovoked misconduct of respondent's counsel and specifically refers to numerous asserted instances thereof; respondent's counsel disclaims any such misconduct, and insists that whatever approaches there were to acts that might justify criticism, they were prompted, if not required, by the actions of opposing counsel. It should be possible for such able and experienced attorneys to try a lawsuit and keep well within the lines of propriety. The record is replete with scores and scores of objections to the admission of evidence, and respondent's counsel was interrupted many times in the course of his argument.

After a careful consideration of the entire record and of the arguments advanced orally and in briefs, we are of opinion that no prejudice resulted to either litigant. Misconduct of counsel will not warrant a reversal on that ground unless the rights of the losing party have been prejudiced thereby. Powell v. Standard Oil Co. 168 Minn. 248, 255, 210 N. W. 55, and cases cited. We think that appellant was not prejudiced. The matter of granting a new trial

for improper remarks or argument of counsel in the course of the trial rests largely in the discretion of the trial court. Its action in that regard will be reversed on appeal only for a clear abuse of that discretion. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7102. We do not find such an abuse here.

Each counsel, both during the introduction of evidence and in summing up to the jury, took occasion to make statements as to what the evidence was; interruptions and objections occurred. The learned trial court made certain timely remarks which should have calmed the troubled waters. In one instance, the court, during the argument to the jury, stated:

"Well, every time that yourself and counsel do not agree on what the evidence is, I wish you would not stop him, because it is up to the jury to remember the evidence, regardless of what the attorneys say. (Addressing the jury:) You take your own recollection of it."

In its charge the court fairly, accurately and fully submitted the case to the jury. We feel that the ends of justice have been secured.

All of the assignments of error have been carefully considered, and we find no requirement for a reversal. The verdict of the jury, which had the approval of the trial court, must stand.

Affirmed.