GERTRUDE AND GEORGE H. RADLE v. HENNEPIN AVENUE THEATRE & REALTY COMPANY.[1]

February 21, 1941.

Nos. 32,605, 32,606.

[1]Reported in 296 N. W. 510.

*Gillette & Meagher*, for appellant.
*Thomas J. Spence* and *H. E. Maag*, for respondents.

GALLAGHER, CHIEF JUSTICE.

Plaintiffs in these actions are husband and wife. They recovered separate verdicts arising out of personal injuries sustained by the wife in a fall on defendant's premises. The appeals are from orders denying defendant's separate motions for judgment *non obstante* or a new trial. The husband's action must necessarily stand or fall with that of his wife, so we will confine our discussion of the facts to her case.

Defendant operates the Orpheum Theatre in Minneapolis. At the time in question it was conducting a "talent hunt" sponsored by M-G-M Studios. Mrs. Radle had previously sent a picture of her six-year-old daughter to the sponsor for the purpose of having her entered in the contest and received a letter requesting her to bring the child to the Orpheum Theatre on February 7, 1938, at one p. m. Plaintiff appeared at the designated time and presented the letter to the girl in the box office, who directed her to go to the stage entrance. Not knowing the location of the entrance, Mrs. Radle made further inquiry and claims that she was directed by the girl to "go to your right, come down to the alley and go up the alley." Taking her daughter by the hand, plaintiff started out to find the stage entrance. She came to an alley at the back of the theatre and observed that there were several doors opening from the theatre onto the alley. She then walked along the alley looking for a door labeled "Stage Entrance." While proceeding along the alley she stepped on a piece of compoboard about three by five feet in size which gave way, causing her to fall into a hole

and sustain the injuries herein involved. It appears that a concrete block had been removed by workmen from the alleyway over defendant's machine room so as to facilitate the bringing in of pipes and machinery to be used in connection with an air-conditioning system. When the workmen quit work for lunch they covered the hole with compoboard and laid some pipes and two-by-fours over the compoboard. It was during this period that plaintiff entered the alley and was injured.

The appeal involves (1) questions of plaintiff's contributory negligence and defendant's negligence and (2) certain instructions of the court which defendant claims were erroneous.

■ The questions of defendant's negligence and plaintiff's contributory negligence are so interwoven that they may well be treated together. The degree of care required of defendant depends upon whether plaintiff was an invitee or licensee at the time of her injury. It was bound to exercise ordinary or reasonable care to keep its premises in a safe condition for plaintiff or others who came upon them by its express or implied invitation. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 6984; Supornick v. Supornick, 175 Minn. 579, 222 N. W. 275; In re Solliday v. St. Paul Union Depot Co. 178 Minn. 219, 226 N. W. 572; Tierney v. Graves Motor Co. 185 Minn. 114, 239 N. W. 905.

If plaintiff was a licensee, defendant was not required to guard the premises against obvious risks and dangers that existed thereon. 4 Dunnell, Minn. Dig. (2 ed. & Supps.) § 6985; Schreiner v. G. N. Ry. Co. 86 Minn. 245, 90 N. W. 400, 58 L. R. A. 75; Klugherz v. C. M. & St. P. Ry. Co. 90 Minn. 17, 19, 95 N. W. 586, 101 A. S. R. 384; Mazey v. Loveland, 133 Minn. 210, 158 N. W. 44, L. R. A. 1916F, 279. The trial court submitted the issue whether plaintiff was an invitee or a licensee to the jury, and it found that she was an invitee. The evidence clearly justifies such a finding.

Plaintiff, being an invitee, the question of defendant's negligence requires only passing comment; in fact, counsel for defendant do not discuss that issue in their brief. They vigorously urge, how-

ever, that under the conditions existing at the time, plaintiff was obviously so negligent of her own welfare that she is not entitled to recover. It is particularly urged that the hole into which she fell was so guarded as to warn a person exercising reasonable care of the danger. The evidence discloses that the hole was covered by a piece of compoboard and that there were pipes and two-by-fours placed over it. There is also evidence of other contrivances near-by which defendant claims should have given plaintiff additional warning of the danger. We cannot say, as a matter of law, that such warnings were ample or that plaintiff failed to exercise ordinary care for her safety. It appears that she was searching for the entrance to which she had been directed. Whether she was justified in proceeding in the manner she did was a fact question. Taking into consideration everything which appears of record, we believe that the issues of negligence and contributory negligence were properly submitted to the jury.

■ The second point made by defendant is that the charge to the jury was erroneous in that the terms "active negligence," "traps," and "concealed dangers" were suggested and submitted without definition, inviting speculation and conjecture and making the charge as a whole unfair to defendant. The parts of the charge complained of were given in connection with the rules applicable if the jury found plaintiff to be a licensee rather than an invitee. The jury having expressly found that she was an invitee, the instructions complained of were not applicable, and consequently there was no error in that respect which would entitle defendant to a new trial.

The orders appealed from are affirmed.