ELSIE EKLUND v. STEVE KAPETAS, INDIVIDUALLY AND AS LONE TRADER *d. b. a.* PEOPLES CAFE.[1]

November 12, 1943.

No. 33,519.

[1]Reported in 11 N. W. (2d) 805.

*Stone, Manthey & Carey,* for appellant.

*F. J. Rosemeier,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Plaintiff had a verdict for $500 in a personal injury action. On defendant's alternative motion for judgment notwithstanding the verdict or a new trial, judgment was ordered for defendant. Plaintiff appeals from the order.

Defendant owned and operated a restaurant known as the Peoples Cafe, in Virginia, Minnesota, at the time of the accident here involved. On February 21, 1942, plaintiff accompanied her former husband, Charles Johnson, on an automobile trip to Eveleth and Gilbert, where he went to inspect lights in connection with his duties as superintendent of a WPA project. They returned to Virginia about midnight, and Johnson parked his automobile at the rear of defendant's restaurant. They then entered the restaurant through the rear door for the purpose of getting a lunch. As plaintiff approached the door Johnson reached in front of her and opened it. The handle of the door was on the left, and the door opened inwardly into the kitchen. After the door was opened plaintiff stepped with her left foot onto the threshold, which is about two inches above the level of the alley. The floor of the restaurant is about six or seven inches lower than the top of the threshold. According to plaintiff's testimony, the first thing she noticed as the door opened was a bright light shining above the head of the chef working in the kitchen. This light was located about 16 feet from, and to the left of, the rear entrance. Plaintiff testified that this was the only light in the kitchen and that she did not see the step

because a cupboard located nearby rendered the light around the rear entrance very dim.  Johnson also testified that there was only one light.  There was testimony for defendant that there were three lights burning in the kitchen, one of which is located directly between the rear entrance and the swinging doors leading into the dining room.  As plaintiff was in the act of stepping into the kitchen she fell forward onto the floor and injured her leg.

There was testimony by witnesses for plaintiff that customers of the restaurant were in the habit of parking their automobiles behind the building and entering through the kitchen.  Defendant testified that people came through the rear entrance "Once in a great while * * * not very often."  A witness for defendant testified that "some" people did enter that way but "seldom during the night."  Plaintiff had never been in the restaurant before, but Johnson had been there on other occasions.  There was no sign outside the rear door warning of the step down into the kitchen or indicating that customers were not to use that entrance.

■ The rules pertaining to the granting of judgment notwithstanding are clearly stated in Kingsley v. Alden, 193 Minn. 503, 505, 259 N. W. 7, where the court says that such an order can be sustained only where there is no evidence reasonably tending to support the verdict, where the evidence in support of the verdict is wholly incredible and unworthy of belief, or so conclusively over·come by other uncontradicted evidence as to leave nothing upon which the verdict can stand.  That view of the evidence most favorable to the verdict must prevail.  Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660.

In Sheehy v. M. & St. L. R. Co. 132 Minn. 307, 310, 156 N. W. 346, 347, where a motion for judgment notwithstanding was made on the ground of contributory negligence, this court said:

"* * * To entitle the defendant to judgment notwithstanding the verdict, it is not sufficient that the verdict be manifestly against the preponderance of the evidence.  'The disputed evidence must conclusively establish a state of facts from which no other reason-

able inference can be drawn, except that the deceased was guilty of contributory negligence.' "

A motion for judgment notwithstanding should not be granted where there is clear conflict in the evidence. Hess v. G. N. Ry. Co. 98 Minn. 198, 108 N. W. 7, 803; Wright v. Post, 167 Minn. 130, 208 N. W. 538. This rule was applied in Levine v. Barrett & Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847, where suit was brought to recover for injuries sustained by plaintiff, who fell into an excavation adjacent to defendant's building. The question was whether or not defendant had placed warning lights as required by city ordinance. There was a verdict for plaintiff, and defendant's motion for judgment was denied. It was held that the testimony was such as to make it a question of veracity between the witnesses for plaintiff and defendant as to whether lights and barriers were properly put up and maintained. This court said (83 Minn. 148, 87 N. W. 848): "It must be a clear case where we would override the prerogative of the jury to pass upon the credibility of witnesses."

■ The verdict of the jury in the present case was necessarily predicated upon a finding that defendant was negligent in the maintenance of his premises and that plaintiff was not contributorily negligent. In order to charge defendant with negligence, it must appear that there was a duty on his part which was not discharged; that such breach resulted in injury to the plaintiff; and that she was a member of the class to whom the duty was owing. 4 Dunnell, Dig. & Supp. § 6973, and cases cited. The duty which was owing in this case was that of an owner or occupant of premises to exercise ordinary or reasonable care to keep them in a safe condition for those who might come upon them by express or implied invitation. 3 Cooley, Torts (4 ed.) p. 186, § 440; Radle v. Hennepin Avenue T. & R. Co. 209 Minn. 415, 296 N. W. 510; Supornick v. Supornick, 175 Minn. 579, 222 N. W. 275; In re Solliday v. St. Paul Union Depot Co. 178 Minn. 219, 226 N. W. 572; Tierney v. Graves Motor Co. 185 Minn. 114, 239 N. W. 905.

That plaintiff was a member of the class to whom defendant owed the duty of keeping his premises in a reasonably safe condition is

not here disputed. Nor is it seriously contended that plaintiff in entering through a rear door went beyond the limits of her invitation to come upon the premises. An implied invitation to use the rear entrance may be drawn from the facts that others had previously used it and that there was no sign or other warning prohibiting its use. In Jewison v. Dieudonne, 127 Minn. 163, 149 N. W. 20, defendant owned an automobile repair and farm implement shop. Plaintiff entered the place of business from an alley and through a rear entrance for the purpose of transacting business in the front part of the building. It was held that he was not a bare licensee so as to preclude him from invoking the rights of one entering upon premises by invitation. To the same effect, see DeWolfe v. Pierce, 196 Ill. App. 360, and Burk v. Walsh & Oltrogge, 118 Iowa 397, 92 N. W. 65.

■ Defendant contends, however (1) that there was no breach of duty on his part which resulted in injury to plaintiff, and (2) if there were such a breach, plaintiff's negligence contributed to her injury.

The memorandum of the trial judge attached to the order granting defendant's motion for judgment states:

"It is difficult to see where there was any negligence in this case. It seems to me the mere fact that there was a step down of some six or seven inches is not sufficient, *standing alone,* to constitute negligent construction." (Italics ours.)

Plaintiff here has charged negligence on the part of the defendant not only in permitting the drop of seven inches at the entrance of his restaurant, but also in failing to place signs outside the building warning of this condition and in failing properly to light the entrance. Although there was a conflict in the testimony as to lighting conditions, there is evidence in support of plaintiff's charge. Plaintiff testified that "it was dark in this corner as the door opened." In answer to the inquiry, "As the door did open, state to the jury whether it was light in that portion immediately surrounding the door or dim," plaintiff answered, "No. Dim." On

cross-examination she testified, "There is something there that keeps the light from this place where I fell." In answer to the question, "And did that light that you are talking about now light up the entrance that you came in, or was it dim there?" Johnson testified, "No. That is dark because there is a table in there where they store dishes or whatever is there which has shelves on it, which sheds it off."

In Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012, cited by the trial judge in his memorandum, the court said that the presence of a step was not, standing alone, sufficient evidence upon which to hold defendant negligent. However, the court pointed out in that case that there had been no showing that the absence of adequate light rendered the place dangerous to those not familiar with the presence of the step. In Dickson v. Emporium Merc. Co. Inc. 193 Minn. 629, 259 N. W. 375, also relied upon by the trial judge in his memorandum, plaintiff, who fell when stepping down a 6½-inch step from a lavatory to the hall, was not allowed to recover where the hallway and lavatory were both well lighted. Plaintiffs were denied recovery also in Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, and in Smith v. Emporium Merc. Co. Inc. 190 Minn. 294, 251 N. W. 265, in both of which cases the evidence showed that the place where the accident occurred was sufficiently lighted. In the cases last cited, as also in the Albachten and Dickson cases, this court held that there was not sufficient evidence of negligence to require submission of the question to the jury.

A fact situation more analogous to the one here involved was presented in Wood v. Prudential Ins. Co. 212 Minn. 551, 4 N. W. (2d) 617. In that case, prior to the plaintiff's injury there had been an eight-inch drop from the areaway in front of a beauty-shop door to the shop floor. Because customers stumbled frequently, the owner had constructed a wooden platform extending 12¼ inches beyond the threshold, and painted it black. Gradually the paint wore off so that the color blended with that of the linoleum on the floor. Plaintiff, who had never been in the shop before, stepped on the edge of the platform and fell. Attention was drawn

in this case to the fact that in the twilight it was difficult to determine a difference between the floor and the platform, that there were no signs indicating an abrupt change in floor levels, and that plaintiff, on opening the door, was confronted with bright and shiny articles of beauty equipment which distracted her attention. We concluded that the question of defendants' negligence was for the jury. In Poppleston v. Pantages Minneapolis Theatre Co. 175 Minn. 153, 220 N. W. 418, plaintiff testified that a stairway down which she had fallen was lighted only by a bridge lamp at the bottom, and defendant's witnesses testified that there was no bridge lamp but that the stairway was well lighted. This court held that, inasmuch as there was conflict in the evidence as to the main charge of negligence, there was a question for the jury. In Gustafson v. Arthur L. Roberts Hotel Co. 194 Minn. 575, 577, 261 N. W. 447, 449, where a hotel guest was injured by stumbling down a short, unlighted stairway, this court said, "The danger, in the absence of light, might have been considered great. If the jury thought so, the conclusion that defendant owed plaintiff a high degree of care would follow."

Thus the rule would seem to be that in cases where the only factor upon which the charge of negligence is based is an abrupt change of floor levels there is not sufficient evidence of lack of due care to require submission of the issue to the jury. However, where there are several factors in addition to the change in floor levels, a fact issue on the question of defendant's negligence in the maintenance of his premises is presented. It appears to us that defendant's failure to place warning signs and his failure to provide adequate illumination were sufficient elements of negligence in addition to the change in floor levels to make an issue of fact for the jury.

Assuming negligence on the part of defendant, plaintiff would still be precluded from recovery if it appears, as a matter of law, that she was guilty of contributory negligence, thus justifying the order of the trial court granting judgment for defendant. Plaintiff was bound to exercise due care for her own safety. The duty

of defendant toward her as an invitee did not put him in the position of an insurer of her safety nor did it excuse her from acting as an ordinary prudent person would under the circumstances. Plaintiff cannot be held guilty of contributory negligence as a matter of law unless the clear and undisputed evidence on the issue is such that reasonable minds could arrive at no other conclusion. Weyhe v. Minneapolis St. Ry. Co. 179 Minn. 172, 228 N. W. 754; Peterson v. Doll, 184 Minn. 213, 238 N. W. 324; Horsman v. Bigelow, 184 Minn. 514, 239 N. W. 250; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776. Cases where the court has found contributory negligence as a matter of law illustrate how strong a showing of lack of due care there must be before the determination of this question will be taken away from the jury. In Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043, *supra,* plaintiff, who fell down a cellar stairway while passing through defendant's storeroom, admitted that he could have seen the stairway if he had looked, but that he did not look. In Plahn v. Masonic Hall Bldg. Assn. 206 Minn. 232, 288 N. W. 575, plaintiff opened a door, saw that it was dark inside, and, not knowing into what she was stepping, stepped forward and fell downstairs. In Murray v. Albert Lea Home Inv. Co. 202 Minn. 62, 277 N. W. 424, plaintiff, on discovering the door to an elevator partly open, pushed it farther open and stepped into the shaft without making any investigation to ascertain whether the elevator car was at that floor. In Dehn v. Buck, 165 Minn. 310, 206 N. W. 435, plaintiff had been in the building before and had used the stairs. She did not look before stepping into the doorway. In Speck v. N. P. Ry. Co. 108 Minn. 435, 122 N. W. 497, 24 L.R.A.(N.S.) 249, 17 Ann. Cas. 460, plaintiff, instead of opening the waiting-room door at a railway station, opened the door leading down to the basement, stepped in, and fell. She had been talking outside the door, turned, and without making investigation as to where the door led, opened it, and walked in. She had been in the station and gone through the proper door into the waiting room on at least one previous occasion.

Do the facts in the present case show the same utter lack of care as that presented in the cases referred to? Plaintiff had never before been in defendant's restaurant. Her companion had been in the restaurant on previous occasions and proceeded as if there were no danger. There were no warning signs and no indications that the rear door was unsafe. When the door was opened the room appeared to be an ordinary kitchen into which she could proceed with safety.

In any event, from the evidence the jury, in passing upon the question of plaintiff's contributory negligence, could find the facts to be as stated. We cannot say, as a matter of law, that plaintiff acted otherwise than as an ordinary prudent person would have acted under the same circumstances. Whether she should have done more than she did for her own safety was a fact question.

Order granting judgment notwithstanding verdict reversed and case remanded for disposition below of the motion for new trial.

Mr. Justice Loring, absent because of accidental injuries, took no part in the consideration or decision of this case.

